**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------x
QIANG LU, and
YONGBING QI,
On their own behalf and on behalf of
Others similarly situated
               Plaintiffs,

        v.                       Case No. 19-cv-05828
PURPLE SUSHI INC.
    d/b/a Matsu Sushi; and
YAMI YAMI INC.
    d/b/a Matsu Sushi;
JIANFU ZHUO
    a/k/a Jian Fu Zhuo,
MINGJIE WANG
    a/k/a Ming Jie Wang,
XING CHEN a/k/a Jay Chen,
ZENAN LI
    a/k/a Zen An Li a/k/a "An An" Li,
PEIGUAN ZHUO
    a/k/a Pei Guan Zhuo, and
JOHN DOE
    a/k/a "Abule"
                Defendants.
--------------------------------x

<u>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR**</u>
<u>**CONDITIONAL CERTIFICATION, COURT-AUTHORIZED NOTICE PURSUANT TO**</u>
<u>**SECTION 216(b) OF THE FLSA, FOR EXPEDITED DISCOVERY, AND FOR**</u>
<u>**EQUITABLE TOLLING**</u>

Leon K. Luk, Esq. (9493)
Luk & Luk PLLC
Attorneys for Defendants
Purple Sushi Inc. d/b/a
Matsu Sushi and Xing Chen
a/k/a Jay Chen
254 Canal Street, Suite #2001
New York, NY 10013
Tel: (212) 219-8686

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................... 1

FACTUAL BACKGROUND ................................................................. 3

    I. CONDITIONAL CERTIFICATION IS NOT APPROPRIATE ....................... 4

    A. Plaintiff Fails to Meet The Modest Standard Required
       To Support Conditional Collective Action
       Certification ................................................... 4

    B. Plaintiffs Have Failed to Show That They Are
       "Similarly Situated" To The Proposed Putative Class
       Members ........................................................ 9

    II. IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY
       SUBSTANTIALLY NARROWED VERSION TO DELIVERYMEN ................ 12

    III. PLAINTIFF PROPOSED NOTICE AND METHOD FOR DISSEMINATION
       IS INAPPROPRIATE ................................................ 13

    A. Notice Should Be Issued Once By First Class Mail
       Only and Notice Discovery Should Be Limited to Names
       and Addresses ................................................. 13

    B. Plaintiff's Request For A Ninety (90) Day Opt-In
       Period Is Excessive, Would Prejudice Defendants, and
       Should Be Denied ............................................. 14

    IV. EQUITABLE TOLLING IS NOT APPROPRIATE ........................... 15

CONCLUSION ........................................................................ 16

i
## TABLE OF AUTHORITIES

**CASES**                                                    **PAGE(S)**

*Acevedo v. Workfit Med. LLC,*
    No. 14-CV-06221 (EAW), 2014 WL 4659366, at *11 (W.D.N.Y.
Sept. 17, 2014)........................................................................ 15

*Amador v. Morgan Stanley & Co.,*
    No. 11-CV-4326, 2013 U.S. Dist. LEXIS 19103, 2013
WL494020(S.D.N.Y Feb. 7, 2013) ........................................... 5

*Anglada v. Linens N' Things, Inc.,*
    No. 06-cv-1290, 2007 WL 1552511, at *5 (S.D.N.Y. Apr. 26,
2007) *report and rec. adopted* (May 22, 2007)........................... 11

*Barfield v. N.Y.C. Health and Hosp. Corp.,*
    No. 05 Civ. 6319 (JSR), 2005 WL 3098730, at *1 (S.D.N.Y.
Nov. 18, 2005) ........................................................................ 6,11

*Brickey v. Dolgencorp, Inc.,*
    272 F.R.D. 344, 347 (W.D.N.Y. 2011)................................... 10

*Cano v. Four M Food Corp.,*
    No.08cv3005 (JFB)(AKT) 2009 WL 5710143 at *9 (S.D.N.Y.
2009) (quoting 29 U.S.C. § 216(b)........................................... 5

*Capsolas v. Pasta Res, Inc.,*
    *No., 10-cv-5595 (RLE), 2012 WL 1657920, at 3* (S.D.N.Y. May
9, 2012)* ................................................................................ 15

*Flores v. Osaka Health Spa, Inc.,*
    No. 05-cv-962, 2006 WL 695675, at *3 (S.D.N.Y. Mar. 16,
2006) ....................................................................................12

*Fraticelli v. MSG Holdings, LP,*
    No. 13-cv-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7,
2014)........................................................................................ 6,9

*Garcia v. Spectrum of Creations, Inc.,*
    102 F. Supp. 3d 541, 548 (S.D.N.Y. 2015) ........................... 6

*Gjurovich v. Emmanuel's Marketplace, Inc.,*
    282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003)........................... 8

*Glatt v. Fox Searchlight Pictures, Inc.,*
    811 F.3d 528, 540 (2d Cir. 2016) ....................................... 5

*Gonzalez v. Scalinatella, Inc.,*
    No. 13-cv-3629, 2013 WL 6171311, at *5 (S.D.N.Y. Nov. 25, 2013) .................................................................................... 14

*Gordon v. Kaleida Health,*
    No. 08-cv-378S, 2009 WL 3334784, at *13-14 (W.D.N.Y. Oct. 14, 2009) ................................................................................ 14,16

*Guo v. Tommy's Sushi Inc.,*
    14-cv-3964, 2014 WL 5314822 at *3 (S.D.N.Y. Oct. 16, 2014) .................................................................................... 12

*Hamadou v, Hess Corp.,*
    915 F. Supp. 2d 651, 667 (S.D.N.Y. 2013) ................................ 13

*Hoffman v. Sbarro, Inc.,*
    982 F. Supp. 249, 261 (S.D.N.Y. 1997) ................................ 3,10

*Hoffman-La Roche v. Sperling,*
    493 U.S. 165, at 169) (1989) ................................................ 5

*Jenkins v. TJX Co. Inc.,*
    853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012) ................................ 8

*Laroque v. Domino's Pizza, LLC,*
    557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ................................ 8

*Martinez v. Zero Otto Nove Inc.,*
    No. 15-cv-899, 2016 WL 3554992, at *4 (S.D.N.Y. June 23, 2016) ................................................................................ 7,12

*Mata v. Foodbridge LLC,*
    No. 14-cv-8754, 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015) .................................................................................... 6

*Myers v. Hertz Corp.,*
    624 F. 3d 537, 555 (2d Cir. 2010) ................................ passim

*Prizmic v. Armour, Inc.,*
    No. 05-cv-2503 (DLI) (MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) ................................................................ 7

*Reyes v. NY F&B Services LLC*
    150-cv-2882-LTS-DCF, 2016 WL 796859 at *3 (S.D.N.Y. Feb. 22, 2016) .................................................................................... 9

*Romero v. H.B. Auto. Grp., Inc.,*
 No. 11 Civ. 386(CM), 2012 WL 1514810, at *10 (S.D.N.Y. May
1, 2012) .......................................................................................... 6

*Rosario v. Valentine Ave. Disc. Store, Co.,*
 828 F. Supp 2d 508, 516 (E.D.N.Y. 2011).................................. 8

*Sanchez v. JMP Ventures, L.L.C.,*
 No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y.
Jan. 27, 2014) ............................................................................... 6

*Scholtisek v. Eldre Corp.,*
 229 F.R.D. 381, 387 (W.D.N.Y. 2005)....................................... 10

*Sharma v. Burberry Ltd.,*
 52 F. Supp. 3d 443, 463 (E.D.N.Y. 2014)................................. 14

*Smith v. McGinnis,*
 208 F. 3d 13, 17 (2d Cir. 2000) ............................................... 15

*Trinidad v. Pret A Manger (USA) Ltd.,*
 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) .............................. 8

*Turner v. Johnson,*
 177 F.3d 390, 391-92 (5th Cir. 1999), *cert. denied,* 528 U.S.
1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) ....................... 15

*Vasquez v. Vitamin Shoppe Indus, Inc.,*
 No. 10-cv-8820, 2011 WL 2693712, at *4 (S.D.N.Y. July 11,
2011) .......................................................................................... 9,13

*Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*
 No. 13-cv-60, 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12,
2013)........................................................................................... 7,12

**STATUTES**

29 U.S.C. § 216(b) ............................................................................. 3

Defendants Purple Sushi Inc. d/b/a Matsu Sushi and Xing Chen a/k/a Jay Chen hereby oppose the Plaintiffs' Motion for Conditional Certification, Court-Authorized Notice Pursuant to similarly situated individuals dated October 23, 2019 and Disclosure of Contact Information for Notice to Potential Opt-Ins (Doc. 39). For the reasons stated herein, Plaintiffs' motion should be denied.

## PRELIMINARY STATEMENT

Defendant Purple Sushi Inc. d/b/a Matsu Sushi ("Purple") is a restaurant located at 483 Columbus Avenue, New York, New York 10024. Its sole shareholder and officer is Defendant Xing Chen a/k/a Jay Chen ("Xing"). Purple acquired the business from Defendant Yami Yami Inc. d/b/a Matsu Sushi ("Yami") and has operated from July 1, 2018 to present. Plaintiff Qiang Lu ("Lu") worked for Purple July 1, 2018 to July 16, 2018 and from April 1, 2019 to April 16, 2019. ( See Lu's affidavit Doc. 39). Plaintiff Yongbing Qi ("Qi") worked for Purple from July 1, 2018 to May 26, 2019 ( See Qi's affidavit Doc. 39). Both Plaintiffs worked as deliverymen for Purple who now ask this Court to conditionally certify a collective under the FLSA and issue

1

court-authorized notice to current similarly situated
individuals who performed other restaurant work for Defendants.
While both have worked as deliverymen, they have failed to
demonstrate that it is appropriate to proceed as a
representative action. Plaintiff Lu worked for Purple for 11
months and Plaintiff Qi worked for Purple for 4 weeks.
Plaintiffs' Motion is supported by their knowledge of other
deliverymen and asserts in a bare allegation  that they also
have personal knowledge of a waiter named "Ah Biang's wife",
Tempura Wok and Deep Fry Wok "Old Liu"  and "Ah Hui" and Sushi
Worker "Seven" (Lu & Qi's affidavit Doc. 39). None of these
individuals' actual names are given nor any declaration
submitted by these potential plaintiffs in Plaintiffs' Motion in
Support.  Plaintiffs do not state the basis of how they acquired
their knowledge nor any conversations had with them which would
nevertheless be hearsay. Plaintiffs wish to represent a class
that includes other type of employees such as waiters/waitresses
and kitchen workers, who perform different tasks, worked
different hours and received different pay and method of pay
than plaintiff, i.e. some hourly, some tips, some combination of

2

wages and tips. Plaintiffs' application does not meet even the relatively lenient standard for conditional certification under Section 216(b) of the FLSA.

A party seeking "conditional certification" bears the burden of showing "that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.,* 624 F. 3d 537, 555 (2d Cir. 2010) (*citing Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (internal quotation marks omitted)). Plaintiffs have failed to meet this burden and Plaintiffs' should be denied in its entirety.

**FACTUAL BACKGROUND**

On June 27, 2019 Plaintiffs filed a complaint alleging overtime violation under the FLSA against Defendants (Doc. 1). On August 23, 2019 Defendants Yami Yami Inc., Jianfu Zhuo, Mingjie Wang, Zenan Li and Peiguan Zhuo filed an Answer to Complaint (Doc. 23). On August 28, 2019 Defendants Purple and Xing filed an Answer to Complaint (Doc. 27). On October 2, 2019, the Court issued a Scheduling Order for pleadings and motions. (Doc. 36). Plaintiffs filed this Motion for Conditional collective certification (Doc. 39) and accompany Memorandum of Law in Support of Conditional Certification (Doc. 40).

3

Plaintiff seeks conditional certification of an overtime collective, which includes "all nonexempt current and former employees" who worked for Defendants, regardless of job duties or job title.  The scope of work, working hours, and details of the services vary from person to person depending on its requirements and skill.  Plaintiffs also worked for different defendants and employers at the same location who conducted business in different ways. Since acquiring the business in July 2018 from codefendant Yami Yami, Purple has no longer employed any of the previous deliverymen and has only retained two (2) of the former employees of Defendant Yami Yami who perform different jobs than those of Plaintiffs.

## LEGAL ARGUMENT

I.   CONDITIONAL CERTIFICATION IS NOT APPROPRIATE

A. **Plaintiff Fails to Make The Modest Standard Required To Support Conditional Collective Action Certification.**

This Court has adopted a two step method for certification to opt-in other potential plaintiffs upon the showing that plaintiffs demonstrate that the Plaintiffs are "similarly

4

situated" to the potential.  *Amador v. Morgan Stanley & Co*. No. 11-CV-4326, 2013 U.S. Dist. LEXIS 19103, 2013 WL494020(S.D.N.Y Feb. 7, 2013). The Fair Labor Standards Act ("FLSA") refer to "conditional certification," district courts "have discretion, in appropriate cases, to implement [§ 216(b)] … by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F. 3d 537 (2nd Cir. 2010) at 554 (*quoting Hoffman-La Roche v. Sperling*, 493 U.S. 165, at 169) (1989).  In the initial conditional certification step before the district court authorizes mailing a notice, the plaintiffs must first show that "they and others together were victims of *a common policy or plan that violated the law*."  *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (*citing Myers, supra*) (emphasis added), see also *Cano v. Four M Food Corp.*, No.08cv3005 (JFB)(AKT) 2009 WL 5710143 at *9 (S.D.N.Y. 2009) (quoting 29 U.S.C. § 216(b)).

Plaintiff has the burden to demonstrate that plaintiff and the potential class were "victims of a common policy or plan that violated the law and "that there are other employees who are similarly situated with respect to their job requirements

5

and with regard to their pay provisions." *Fraticelli v. MSG Holdings,* LP, No. 13-cv-6518 (JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014). Although Plaintiffs emphasize the "low" burden that they must meet at this first step, and rely on a series of string cites to support this proposition. However, while the burden may be low, "it is not non-existent." *Sanchez v. JMP Ventures, L.L.C.,* No. 13 Civ. 7264 (KBF), 2014 WL 465542, at 1* (S.D.N.Y. Jan. 27, 2014) (*citing Romero v. H.B. Auto. Grp., Inc.,* No. 11 Civ. 386(CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012)). Further, a plaintiff cannot rely on "unsupported assertions" or "conclusory allegations" regarding the existence of an alleged common policy or plan. *Id.* (citing Myers, 624 F. 3d at 555); *see also Barfield v. N.Y.C. Health and Hosp. Corp.,* No. 05 Civ 6319 (JSR), 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying motion for conditional certification based on "limited anecdotal hearsay"). The showing must "be based on some substance." *Garcia v. Spectrum of Creations, Inc.,* 102 F. Supp. 3d 541, 548 (S.D.N.Y. 2015). "Plaintiff must offer actual evidence of a factual nexus … rather than mere conclusory allegations." *Mata v. Foodbridge LLC,* No. 14-cv-8754, 2015 WL 3457293, at *2 (S.D.N.Y. June 1,

6

2015). "Where a plaintiff bases an assertion of a common policy
on observations of coworkers or conversations with them, he must
provide a minimum level of detail." *Martinez v. Zero Otto Nove
Inc.,* No. 15-cv-899, 2016 WL 3554992, at *4 (S.D.N.Y. June 23,
2016). The plaintiff must present "actual evidence of a factual
nexus between his situation and those he claims are similarly
situated." *Prizmic v. Armour, Inc.,* No. 05-cv-2503 (DLI) (MDG),
2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). In the case at
hand, Plaintiffs merely submits 2 affidavits claiming they have
knowledge of other individuals who were not deliverymen but
cannot provide their actual names, details of their work or how
or whether they were not properly paid overtime. Further,
plaintiffs do not state the basis of their knowledge nor any
conversation had with the other workers. Courts in this Circuit
have repeatedly rejected certifying collective action when the
plaintiff has failed to meet burden by offering nothing but
cookie-cutter conclusory allegations. See e.g. *Zheng v. Good
Fortune Supermarket Grp. (USA), Inc.,* No. 13-CV-60 (ILG), 2013
U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y. 2013) denying
collective certification where named plaintiff, a supermarket
clerk, alleged similarly situated employees with

7

"conclusory and unsubstantiated statements" as she failed to identify any such employee by name).

The Plaintiffs here are deliverymen and fail to show that they are similarly situated with the other workers in the restaurant and were subject to the same alleged unlawful policy of overtime violation. See *Trinidad v. Pret A Manager (USA) Ltd.* 962 F.Supp. 2d 545, 558 (S.D.N.Y. 2013) (citing *Rosario v. Valentine Ave. Disc. Store, Co.,* 828 F. Supp 2d 508, 516 (E.D.N.Y. 2011).

While courts generally do not make any determinations of the merits of the plaintiff's allegations of overtime violation as part of the conditional certification process, Plaintiff must make a "colorable claim for relief." *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003); *Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008). Here, the Plaintiffs cannot demonstrate whether a policy is facially invalid or whether the plaintiff is claiming an "illegal application of a common legal policy" and conditional certification should be denied". See *Jenkins v. TJX Co. Inc.,* 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012).

8

In the alternative, the court has discretion to narrow the collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs." *Reyes v. NY F&B Services LLC,* 150-cv-2882-LTS-DCF, 2016 WL 796859 at *3 (S.D.N.Y. Feb. 22, 2016); *Fraticelli,* 2014 WL 1807105, at *1. Courts "within the district court's power to limit the scope of the proposed class." *Vasquez v. Vitamin Shoppe Indus, Inc.,* No. 10-cv-8820, 2011 WL 2693712, at *4 (S.D.N.Y. July 11, 2011). In the case at hand, the potential class is more suited to be narrowed to "deliverymen".

**B. Plaintiffs Have Failed to Show That They Are "Similarly Situated" To The Proposed Putative Class Members.**

For the reasons stated above, the Court should deny Plaintiffs' motion because Plaintiffs have not met their minimal burden of demonstrating that they are similarly situated to the potential putative class members. The plaintiffs submit two (2) affidavits purporting to have knowledge but fails to provide the actual names of the other alleged victims nor the basis of their

9

knowledge, ( See Plaintiffs' affidavits Doc. 39). The "modest factual showing" cannot be satisfied by simple "unsupported assertion". *Myers,* 624 F. 3d at 555 (emphasis added) (quoting *Hoffman,* 982 F. Supp. at 261; Not every similarity among the members of a proposed collective contributes to a finding that those individuals are "similarly situated" under the FLSA. Plaintiffs must show that they and the proposed collective "together were victims of a *common* policy or plan *that violated the law."* *Brickey v. Dolgencorp, Inc.,* 272 F.R.D. 344, 347 (W.D.N.Y. 2011) (quoting *Scholtisek v. Eldre Corp.,* 229 F.R.D. 381, 387 (W.D.N.Y. 2005).

Plaintiffs, as deliverymen claims overtime violations but does not actually point to a single common policy applicable to the overbroad and inappropriately defined proposed collective, which Plaintiffs wish to represent a class that includes other type of employees such as waiters/waitress and kitchen workers, who perform different tasks, worked different hours and received different pay and method of pay than plaintiff, i.e. some hourly, some tips, some combination of wages and tips. With no other supporting evidence of precisely what unlawful policy is at issue, who distributed such policies and/or who implemented such policies has not been placed into evidence before the

10

Court. Instead, Plaintiffs has merely stated that they knew other workers worked overtime but does not state if how and what they were actually paid. Plaintiffs who are deliverymen do not state how "similarly situated" they are to the other restaurant workers who work different shifts and time and perform different duties.  Courts have denied motions for conditional class certification where, as in this case, the Plaintiffs are relying only on generalized hearsay statements. *Barfield v. New York City Health and Hospitals Corp.* ( No 05-CV-6319) 2005 WL 3098730 (S.D.N.Y. 2005) (conditional class certification denied where the plaintiff "presents nothing but limited anecdotal hearsay to suggest that that there is a widespread practice of illegal pay practices").

Plaintiffs has not provided a single affidavit from a single other potential opt-in member. *See Anglada v. Linens N' Things, Inc.,* No. 06-cv-1290, 2007 WL 1552511, at *5 (S.D.N.Y. Apr. 26, 2007) *report and rec. adopted* (May 22, 2007) (denying certification where plaintiff "offer[ed] no supporting declarations or affidavits from other similarly situated employees who are located at any other LNT store),

Plaintiffs references to others in the putative class only as vague assertions "based on personal knowledge". This language

11

is insufficient to support certification. *Martinez,* 2016 WL
3554992, at *5 (finding insufficient allegations that plaintiffs
were "aware and they have personal knowledge" "through
observations of and conversations with other employees" that
they were treated similarly in term of hours).  See *Flores v.
Osaka Health Spa, Inc.,* No. 05-cv-962, 2006 WL 695675, at *3
(S.D.N.Y. Mar. 16, 2006) (plaintiff's "understanding" as to the
amount of work performed by other employees was unsupported by
any factual information.  In *Guo v. Tommy's Sushi Inc.,* 14-cv-
3964, 2014 WL 5314822 at *3 (S.D.N.Y. Oct. 16, 2014), the court
declined to certify class based on three plaintiff's affidavits
stating they discussed and compared wages with co-workers and
were "personally … aware of several kitchen workers" who were
underpaid. Here, plaintiffs neither had conversation nor
discussion with any of the potential members of the proposed
class and has failed to satisfy even the "lenient standard" for
a motion for conditional certification. *Zheng,* 2013 WL 5132023,
at *4-5.


## II. IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY SUBSTANTIALLY NARROWED VERSION TO DELIVERYMEN

As stated above, the Court has discretion to grant a

certified collective class which is narrower than the broad class proposed by plaintiffs which is consistent with "the district court's power to limit the scope of the proposed class in a collective action." *Hamadou v, Hess Corp.*, 915 F. Supp. 2d 651, 667 (S.D.N.Y. 2013) (internal quotation marks omitted); *Vasquez*, 2011 WL 2693712, at *4.

Here, plaintiffs are deliverymen and if the Court grants notice to the collective such notice should be limited to individuals with the same job title as Plaintiffs and not to other restaurant workers who have different job titles, duties, schedules, rate and method of payment, i.e. tip earners versus salaried.

## III. PLAINTIFF PROPOSED NOTICE AND METHOD FOR DISSEMINATION IS INAPPROPRIATE

### A. Notice Should Be Issued Once By First Class Mail Only and Notice Discovery Should Be Limited to Names and Addresses.

The Plaintiffs' Motion also seeks disclosure of contact information of the potential members in addition to their last known addresses including last known telephone numbers, last known email addresses and last known social media usernames. Plaintiffs' request is intrusive. "First Class Mail is sufficient to provide potential class members with notice …"

13

*Gonzalez v. Scalinatella, Inc.,* No. 13-cv-3629, 2013 WL
6171311, at *5 (S.D.N.Y. Nov. 25, 2013). It is premature to
order notice through other methods until Plaintiff
establishes that specific mailings were returned as
undeliverable. Courts routinely refuse to order email
notice, let alone text messages and/or social media
messages. See *Sharma v. Burberry Ltd.,* 52 F. Supp. 3d 443,
463 (E.D.N.Y. 2014); Plaintiffs' proposed text message
and social media messages are without any authority and
cannot provide the information required to be contained in
the notices, thereby depriving the Court of its necessary
oversight function.  The Court, in the interest of privacy, the
Court should deny Plaintiffs' request to compel the production
of personal information such as last known email addresses, last
known telephone numbers, last known social media usernames and
amend the proposed notice and consent form accordingly. See,
e.g., *Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784,
at *9 (W.D.N.Y. Oct. 14, 2009).

### B. Plaintiff's Request for a Ninety (90) Day Opt-In Period Is Excessive, Would Prejudice Defendants, and Should Be Denied.

Plaintiff's request for a Ninety (90) day opt-in period is

14

excessive and courts have routinely found thirty (30) days to be sufficient. *Capsolas v. Pasta Res, Inc.* No., 10-cv-5595 (RLE), 2012 WL 1657920, at 3* (S.D.N.Y. May 9, 2012).  Further the Courts have widely supported that the Plaintiff's proposed notice be jointly submitted with the defendant's review because it avoids unfair prejudice to either party and ensures accurate information is disseminated to collective class members. See *Acevedo v. Workfit Med. LLC*, No. 14-CV-06221 (EAW), 2014 WL 4659366, at *11 (W.D.N.Y. Sept. 17, 2014).

## IV. EQUITABLE TOLLING IS NOT APPROPRIATE

The Plaintiffs seek an order equitably tolling the FLSA statute of limitations with respect to potential opt-ins, dating from the filing of their motion. The Plaintiffs do not state the circumstances of this case which warrants the kind of "rare and exceptional circumstance" that warrants the imposition of equitable tolling. *Smith v. McGinnis,* 208 F. 3d 13, 17 (2d Cir. 2000) (*quoting Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999)).  A party seeking relief via equitable tolling "must show that extraordinary circumstances prevented him from filing

15

his petition on time." and that he "acted with reasonable diligence throughout the period he seeks to toll." *Id.*

Here, the Plaintiffs request equitable tolling not on their own behalf, but on behalf of the potential opt-ins absent any showing that "extraordinary circumstances" arosed that prevents the potential opt-in plaintiffs from filing their own FLSA action, or from joining this action, at any time.

In the absence of "extraordinary circumstances" affecting the potential opt-ins' rights to file their own FLSA claims, or to join this one, the motion for equitable tolling should be denied. See *Gordon v. Kaleida Health,* No. 08-cv-378S, 2009 WL 3334784, at *13-14 (W.D.N.Y. Oct. 14, 2009.

## CONCLUSION

The Plaintiffs have not met even their "modest" burden required to demonstrate conditional certification. While the Plaintiffs have alleged that they personally may not have been properly paid overtime, they have not presented the bare minimal to warrant conditional certification. The Plaintiffs worked as deliverymen yet makes the assertion based on personal knowledge of other restaurant workers which are nothing more than

16

generalized conclusions and vague allegations regarding the other restaurant workers who have different job titles and different hours and method of pay. Defendants respectfully request that the Plaintiffs' motion be denied in its entirety, and let plaintiffs proceed in this action in their own individual capacity.


Dated:   November 14, 2019
         New York, New York

                              Respectfully submitted,


                              /s/ Leon K. Luk, Esq. (9493)
                               Luk & Luk PLLC
                              Attorney for Defendants
                              Purple Sushi Inc. d/b/a Matsu
                              Sushi and Xing Chen a/k/a Jay
                              Chen
                              254 Canal Street, Suite #2001
                              New York, NY 10013
                              (212) 219-8686
                              email- lukspc@aol.com

17