UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

QIANG LU, and                                                    Docket No: 19-cv-05828

YONGBING QI,

*on his own behalf and on behalf of others similarly*

*situated*

Plaintiffs,


-against-

PURPLE SUSHI INC. d/b/a Matsu Sushi; and
YAMI YAMI INC. d/b/a Matsu Sushi;
JIANFU ZHUO a/k/a Jian Fu Zhuo,
MINGJIE WANG a/k/a Ming Jie Wang,
XING CHEN a/k/a Jay Chen,
ZENAN LI a/k/a Zen An Li a/k/a "An An" Li,
PEIGUAN ZHUO a/k/a Pei Guan Zhuo, and
JOHN DOE a/k/a "Abule"

Defendants.

-----------------------------------------------------------------------x


MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO (1)
CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT
(2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED INDIVIDUALS; AND (3)
DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS

Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Defendants*
*YAMI YAMI INC., JIANFU ZHUO,*
*MINGJIE WANG, ZENAN LI, and*
*PEIGUAN ZHUO*

**Pages**

TABLE OF AUTHORITIES                                                                3

FACTUAL BACKGROUND                                                           5

LEGAL ARGUMENTS                                                                  9

I.      PLAINTIFF'S MOTION FOR CONDITIONAL
        CERTIFICATION OF A COLLECTIVE ACTION UNDER
        29 U.S.C. § 216(b) SHOULD BE DENIED                          9

        A.      It is Plaintiff's Burden to Establish that Conditional
                Certification is Appropriate                                        9

        B.      Plaintiff Has Failed to Demonstrate that Other
                Employees Are Similarly Situated                            11

        C.      Plaintiff's Equitable Tolling Request Should Be Denied     13


II.     PLAINTIFF'S PROPOSED NOTICE IS OVERBROAD           15

        A.       Plaintiff's Proposed Notice Is Deficient As It Defines
                The Class Too Broadly                                             15

        B.      Plaintiff's Proposed Notice Is Deficient As It Fails
                To Give The Parties Equal Treatment                        17

        C.      Plaintiff's Proposed Notice Is Deficient As It Fails
                To Include Contact Information For Defendants Counsel     17

        D.      Plaintiff's Request Is Overly Broad In Requiring
                Information That Plaintiff Is Aware That Defendants
                Do Not Have And Then Punishing Defendant For The Lack 17


CONCLUSION                                                                           19

## TABLE OF AUTHORITIES

**Statutes**                                                              **Pages**

29 USC **§** 216(b)                                                         9, 10

29 U.S.C. § 255(a)                                                        13

**Cases**                                                                 **Pages**

*Amendola v. Bristol-Myers Squibb Co.,* 558 F. Supp. 2d 459,
480 (S.D.N.Y. 2008)                                                       15

*Bernard v. Household Int'l,, Inc.,* 231 F. Supp. 2d 433, 435
(E.D. Va. 2002)                                                           12

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 391
(E.D.N.Y. 2012)                                                           14

*Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007).          14

*Cf. Jenkins v. Greene,* 630 F.3d 298, 302 (2d Cir. 2010)                 15

*Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y.2009)            17

*Dybach v. State of Fla. Dep't of Corrections,* 942 F.2d 1562,
1567 (11th Cir.1991)                                                      9, 11

*Green v. Plantation of Louisiana, LLC*, Civ. No. 2:10–0364, 2010
WL 5256354, at *6–12 (W.D.La. Nov. 24, 2010)                              13

*Guan Ming Lin v. Benihana Nat. Corp.*, 275 F.R.D. 165,
172–73 (S.D.N.Y. 2011)                                                    13

*Hamelin v. Faxton-St. Luke's Healthcare*. 2009 WL 2115 at *6
(N.D.N.Y. Jan. 26, 2009)                                                  10

*Harper v. Lovett's Buffer, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala 1999)    10

*Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)                    14

*Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d 615, 622
(S.D.N.Y. 2011) (Chin, J.)                                                14

*Levinson v. Primedia, Inc.,* No. 02 Civ. 2222, 2003 U.S. Dist.
LEXIS 20010, at "4 (S.D.N.Y. Nov. 6, 2003)                                              12

*Lin v. Benihana Nat'l Corp*., 755 F. Supp. 2d 504, 508-9 (S.D.N.Y 2010)   10, 12, 16

*Lujan v. Cabana Management, Inc*., No. 10 CV 755, 2011 WL 317984,
at *4, 7 (E.D.N.Y. Feb. 1, 2011)                                                         13

*McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133, (1988)               14

*Mendoza v. Ashiya Sushi 5, In*c., No. 12 CIV. 8629 KPF,
2013 WL 5211839, at *7 (S.D.N.Y. Sept. 16, 2013)                           17

*Moore v. Eagle Sanitation, Inc*., 276 F.R.D. 54, 61 (E.D.N.Y.2011)      17

*Myers v. Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010)                   9, 11

*Patraker v. Council on the Env't of N.Y. City,* No. 02-CV-7282(LAK),
2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003)                          15

*Prizmic v. Armour, Inc*.,  2006 WL 1662614, at *2
(E.D.N.Y. June 12, 2006)                                                   10

*Rosario v. Valentine Ave. Disc. Store, Co., Inc.,* 828 F. Supp 2d 508,
518 (E.D.N.Y 2011)                                                         11, 16, 17

Y*oung v. Cooper Cameron Corp*., 586 F.3d 201, 207 (2d Cir. 2009)        14

*Zerilli-Edelglass v. New York City Transit Auth*., 333 F.3d 74, 81
 (2d Cir. 2003)                                                            14, 15

Defendants, YAMI YAMI INC., JIANFU ZHUO, MINGJIE WANG, ZENAN LI, and

PEIGUAN ZHUO, by and through their attorneys, THE LAW OFFICES OF VINCENT S.

WONG, submit this Memorandum of Law in Opposition to Plaintiff's Motion To Conditionally

Collective Certification, Facilitation of Notice Pursuant, And Disclosure Of Contact Information.

Defendants also respectfully join in the opposition filed by Co-Defendants PURPLE

SUSHI INC and XING CHEN.

### FACTUAL BACKGROUND

Plaintiffs, deliveryman, brings this action for alleged unpaid wages and overtime against

Defendants.

Plaintiff LU, is alleged to have worked for Defendants, as a deliveryman, from October

2016 to on or about April 16, 2019, with several gaps in employment totaling about 12 months.[1]

Plaintiff LU alleges that he worked 5 full days, ranging from 10.5-11.5 hours per day, and 1 half

days, for a total of 61.75hours per week.[2] Plaintiff LU claims to have had no specific lunch

break, but then identifies a specific lunch break he claims to have had to work through.[3] Plaintiff

alleges that he was paid a flat rate of $1000 per month regardless of hours worked, with the

exception of one two week period where he was paid $700.[4]

---

[1] AFFIDAVIT OF QIANG LU ¶ 3 and 4

[2] AFFIDAVIT OF QIANG LU ¶ 6

[3] AFFIDAVIT OF QIANG LU ¶ 8 and 9

[4] AFFIDAVIT OF QIANG LU ¶ 10-12

Plaintiff QI, is alleged to have worked for Defendants, as a deliveryman, from January 2012 to on or about May 26, 2019.[5] Plaintiff QI alleges that he worked 5 full days, ranging from 10.25-11.5 hours per day, and 1 half days, for a total of 59.25 hours per week.[6] Plaintiff QI also claims to have had no specific lunch break, but then identifies the same specific lunch break as LU, and also claims to have had to work through it.[7] Plaintiff alleges that he was paid a flat rate per month regardless of hours worked, ranging from $700 per month when he started and going up approximately every 2 years such that it was $1300 per month for approximately the last year and half of his employment[8]

Defendants deny all these allegations from both Plaintiffs.

Plaintiff's now move for collective action certification for essentially all employees who worked at the restaurant.  Plaintiff's proposed class includes not only other deliverymen, but also chefs/"Wok" workers who Plaintiff admits had different work responsibilities and who Plaintiffs do not know schedules, work responsibilities, or how they were paid, and waiters who Plaintiffs also do not know how were paid, what their schedules were, or their responsibilities.

Defendants oppose Plaintiff's proposed collective action as there is no similarity between Plaintiff and the proposed class of ALL of Defendants' employees. Plaintiff has not met their

---

[5] AFFIDAVIT OF YONGBING QI¶ 3

[6] AFFIDAVIT OF YONGBING QI¶ 4-5

[7] AFFIDAVIT OF YONGBING QI¶ 6-7

[8] AFFIDAVIT OF YONGBING QI¶ 8-13

burden, that potential opt-in plaintiffs were victims of a common policy or plan of Defendants that violated the law, and that opt in Plaintiffs were similarly situated, as Plaintiff.

Defendants assume Plaintiffs declaration were offered to support the basis that all deliverymen, if not all workers, were under a common policy for hours and pay, but strangely Plaintiffs declaration do not establish this, and provide no basis for any of the knowledge supposedly provided in them.

Also strangely Plaintiffs LU and QI both seem to have the exact same knowledge on every employee that worked at the restaurant, even when such knowledge is contradictory, and provide no basis for said knowledge.

For example both LU and QI claim that OLD CHAO "started working for Defendants a few months prior to my start date" (LU ¶ 33; and QI ¶ 31). However, QI claims to have started in 2012[9] and LU claims to have started in 2016[10]. Clearly OLD CHAO could not have started a few months before both Plaintiffs when the start dates of the two Plaintiffs are 4 years apart.

---

[9] AFFIDAVIT OF YONGBING QI¶ 3

[10] AFFIDAVIT OF QIANG LU ¶ 3 and 4

Another example both LU and QI claim WEN MING ZHEN "stopped working roughly a month after I left." (LU ¶ 39; and QI ¶ 37). However, QI claims to have stopped in April 16, 2019[11] and LU claims to have started in May 26, 2019[12]. Again WEN MING ZHEN could not have stopped working both a month after April 16 and again a month after May 26.

These blatant contradictions, only further support that these statements are made without any actual knowledge of the details supposedly provided in them.

Another example both LU and QI claims "LAO LIU worked for at least ten (10) years for Defendants." (LU ¶ 46; and QI ¶ 44). However, neither employee had been there 10 years, and Defendant YamiYami Inc, the first employer at the restaurant, only started business in November 2011, making it impossible for anyone to have worked for them for 10 years even if they were still in business today, which they are not[13].

Yet another example both LU and QI claims "AH HUI came to work for Defendants in about 2012" (LU ¶ 51; and QI ¶ 49). However, LU would have no way to know that having started in 2016[14].

---

[11] AFFIDAVIT OF YONGBING QI ¶ 3

[12] AFFIDAVIT OF QIANG LU ¶ 3 and 4

[13] Defendants YAMI YAMI INC., JIANFU ZHUO, MINGJIE WANG, ZENAN LI, and PEIGUAN ZHUO stopped running the restaurant in approximately April 2018.

[14] AFFIDAVIT OF QIANG LU ¶ 3 and 4

Considering no real basis is provided for any of this supposed knowledge, and the declarations are nearly word for word identical when talking about other employees, when said individuals would have had different interactions over different time period with the people allegedly described (none of these interactions or the basis for the alleged knowledge is actually detailed), said declarations are all conclusory in nature and should be given no weight.

**"The "modest factual showing" cannot be satisfied simply by "unsupported assertions**," *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir.1991)" (emphasis added) *Myers v. Hertz Corp*., 624 F.3d 537, 555 (2d Cir. 2010)

Additionally Plaintiff's description of the non-deliverymen positions at the restaurant don't provide, sufficient details regarding this positions/individuals salary or hours. Without this key information, Plaintiff fails to meet its burden as there is no information regarding these position which would that would allow the court to determine that these other employees were not paid properly, or even worked overtime, as their schedule and pay is absent from Plaintiff's declaration. As such, Plaintiff's motion should be denied as to all employees.

## LEGAL ARGUMENTS

I.  **PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) SHOULD BE DENIED**

   **A.  It is Plaintiff's Burden to Establish that Conditional Certification is Appropriate**

Plaintiff seeks conditional certification of a collective action pursuant to FLSA. Section 216 (b) of the FLSA provides that:

An action . . . may be maintained against any employer ... in any federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. 29 U.S § 216(b).

Although the standard which governs plaintiffs' application is lax, and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs. *Hamelin v. Faxton-St. Luke's Healthcare.* 2009 WL 2115 at *6 (N.D.N.Y. Jan. 26, 2009). The Court's power to authorize notice must "be exercise with discretion and only in appropriate cases." *Harper v. Lovett's Buffer, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala 1999).

The term "similarly situated" is not defined by the FLSA or its implementing regulations. *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 508-9 (S.D.N.Y 2010).

In determining whether conditional certification is appropriate, courts in this district have looked at whether the named plaintiffs have established a sufficient factual nexus between their situation and the situation of other putative collective action members. *Id* at 509. The evidence present must be "sufficient to demonstrate that [current] and potential plaintiffs together were victims of a common policy of plan that violated the law. *Id*.

In making the requires showing, "plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits from named plaintiffs, opt in plaintiffs, or other putative collective action members." *Ins d*. Mere allegations in a complaint are insufficient to meet the plaintiffs' burden. *Prizmic v. Armour, Inc.*,  2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). "Furthermore, the plaintiff's supporting allegations must be specific, not conclusory." *Lin,* 755 F. Supp 2d, at 509.

"[P]laintiffs [must] make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Sbarro,* 982 F.Supp. at 261." *Myers v. Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010).

**"The "modest factual showing" cannot be satisfied simply by "unsupported assertions**," *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir.1991)" (emphasis added) *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)

### B.  Plaintiff Has Failed To Demonstrate That  All  Other Employees Are Similarly Situated

Here, it is evident that Plaintiffs have not established a sufficient factual nexus between his situation and that of all employees who were or are employed by Defendants, at any time between June 27, 2016 and through the present, as requested in Plaintiff's proposed notice (Exhibit 2 in Plaintiff's moving papers).

Plaintiff's allegations and declaration, even if taken as true for the sake of this motion, show at best, that perhaps other deliveryman may have been similarly situated, and not even that considering that Plaintiffs assertions about other deliverymen are not supported with any sort of factual basis on how Plaintiffs would know this knowledge.

This does NOT show that all of Defendants employees were similarly situated, especially when Plaintiff provides no information for other positions.

Plaintiff seems to argue essentially that working at a restaurant, regardless of job, pay, schedule, receiving tips, job duties, hours, or even location, is sufficient for collective certification. However, this is not correct. *See Rosario v. Valentine Ave. Disc. Store, Co., Inc.,* 828 F. Supp 2d 508, 518 (E.D.N.Y 2011) (Restricting potential opt-in class members to those

directly related to the job functions of the plaintiff and opt-in plaintiff),  *see also Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 514 (S.D.N.Y 2010) (discovery limited to only delivery personnel at one restaurant).

Plaintiffs' have failed to show any common policy or plan, other than allegedly all employees were not properly paid according to the FLSA.

"While the factual showing that they must make at this stage is modest, it must be sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or prim that violated the law," *Levinson v. Primedia, Inc.*, No. 02 Civ. 2222, 2003 U.S. Dist. LEXIS 20010, at "4 (S.D.N.Y. Nov. 6, 2003) (denying conditional collective action certification) (intemal quotations omitted). Assertions of widespread violations are not sufficient to meet this burden. *See Bernard v. Household Int'l,, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002).

Here the court should consider that Plaintiff's own declarations have no basis for the supposed information Plaintiffs claim to have, that both Plaintiffs claim to have the exact same knowledge on every alleged employee when it would be factually impossible for that to be the case because LU started working 4 years AFTER QI and stopped more than a month BEFORE QI stopped, and  that Plaintiffs provide no details on the other non-deliverymen employees hours, wages, pay rate, or schedule.

As such, Plaintiffs' submission fails to provide even a "modest factual showing" to support an all employee conditional certification.

Lastly, it should be noted that, "courts performing the collective action certification inquiry have discretion to certify a different group of individuals than that sought by the plaintiff.

*See Lujan v. Cabana Management, Inc*., No. 10 CV 755, 2011 WL 317984, at \*4, 7 (E.D.N.Y. Feb. 1, 2011) (certifying FLSA collective action with respect to defendants' three New York City locations but declining to include employees of two Florida locations); *Green v. Plantation of Louisiana, LLC*, Civ. No. 2:10–0364, 2010 WL 5256354, at \*6–12 (W.D.La. Nov. 24, 2010) (declining to certify plaintiffs' proposed class of exotic dancers, waitresses, shot girls, door girls, bar \*173 tenders, and bouncers but sua sponte certifying collective action of exotic dancers only), report and recommendation adopted, 2010 WL 5256348 (W.D.La. Dec. 15, 2010)." *Guan Ming Lin v. Benihana Nat. Corp*., 275 F.R.D. 165, 172–73 (S.D.N.Y. 2011).

If the court does find class certification appropriate in this action, the court should limit its certification to only deliverymen, however even this is questionable as Plaintiff's declarations regarding these other deliveryman is contradictory  and alleges information that Plaintiff couldn't have, without any explanation.

### C.  Plaintiff's Equitable Tolling Request Should Be Denied

Plaintiff also essentially argues that a finding of willfulness and equitable tolling should also be granted in this case, by allowing a three year statute of limitation for notices and then also applying tolling for this period as well.

 Plaintiff's request for such is without merit, unsupported by any evidence, and premature.  By making this request Plaintiff has essentially asked the court to decide issues as a matter of law, essentially summary judgment, without any evidence to support its claim, and without providing Defendant time to complete discovery.

"The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years. 29 U.S.C. § 255(a).

"An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." Y*oung v. Cooper Cameron Corp*., 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133, (1988). "Mere negligence on the part of the employer will not suffice," (*Berrios v. Nicholas Zito Racing Stable, Inc*., 849 F.Supp.2d 372, 391 (E.D.N.Y. 2012) (citing *McLaughlin*, supra, 486 U.S. at 133)), and "[t]he burden of proving willfulness lies with the employee." *Berrios*, supra (citations omitted). The courts within this Circuit have generally "left the question of willfulness to the trier of fact." *Id*.

In this case, Plaintiff offers no evidence that any Defendant in this case acted willfully. The mere declaration of Plaintiff, when Defendant has not even be given a chance to depose Plaintiff, despite having previously provided a notice to Plaintiff's counsel to do so, is far from adequate evidence of willful conduct of Defendants. As such Plaintiff's request for a finding of willfulness must be denied at this time, and the notice period should be limited to two years, the statute of limitation for FLSA claims.

Plaintiff also requests the court to apply equitable tolling in this case. Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances,' *Johnson v. Nyack Hosp*., 86 F.3d 8, 12 (2d Cir. 1996), but it **'applies only in the rare and exceptional' case**, *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007)." *Lanzetta v. Florio's Enters., Inc*., 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011) (Chin, J.). (emphasis added).

The Second Circuit has cautioned that the doctrine should be invoked "only in rare and exceptional circumstances." *Zerilli–Edelglass v. New York City Transit Auth*., 333 F.3d 74, 80 (2d Cir.2003).

Plaintiffs have not "prove[n] that the circumstances are so extraordinary that the doctrine [of equitable tolling] should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003).  Plaintiff have not even alleged that Defendants have committed any "exceptional" conduct meriting equitable tolling of the statute of limitations. *Cf. Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010); see *also Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 480 (S.D.N.Y. 2008) ("**To hold that 'a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime**.'") (quoting *Patraker v. Council on the Env't of N.Y. City,* No. 02-CV-7282(LAK), 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003)). (emphasis added).

There is nothing exceptional in a motion for collective certification, and Plaintiff has alleged none in its motion, nor in its complaint, does that warrant such a finding of exceptional circumstances.  As such, Plaintiffs request for equitable tolling must be denied.

## II.     PLAINTIFF'S PROPOSED ORDER AND NOTICE ARE OVERBROAD

Even if the Court were to grant Plaintiff's Motion, Plaintiff's proposed order and notice are overly broad and should be at minimum changed, if not denied.

### A. Plaintiff's Proposed Notice Is Deficient As It Defines The Class Too Broadly

In his proposed notice, Plaintiff requests notice be sent to "Current and former non-exempt employees employed at any time from June 27, 2016, to the present by: (1) PURPLE SUSHI INC. d/b/a Matsu Sushi, located at 483 Columbus Avenue, Front 2, New York, NY 10024.; and (2) YAMI YAMI INC. d/b/a Matsu Sushi, located at 483 Columbus Avenue, Front 2, New York, NY 10024.; (3)JIANFU ZHUO a/k/a Jian Fu Zhuo, (4) MINGJIE WANG a/k/a

Ming Jie Wang, (5) XING CHEN a/k/a Jay Chen, (6) ZENAN LI a/k/a Zen An Li a/k/a "An An" Li, (7) PEIGUAN ZHUO a/k/a Pei Guan Zhuo a/k/a Pei Guan Zhuo a/k/a Pei Guan Zhuo, and(8) JOHN DOE a/k/a Abule. (hereinafter collectively "Defendants")" (Plaintiff's Exhibit 2 , proposed notice).

Plaintiff describes the action as "Plaintiffs QIANG LU and YONGBING QI worked for Defendants and have brought this action on behalf of all other current and former employees who have worked for Defendants at 483 Columbus Avenue, Front 2, New York, NY 10024. since June 27, 2016" (Plaintiff's Exhibit 2, proposed notice).

Plaintiff is essentially arguing that the notice should include all employees, but has failed to show that the potential class should include all employees.  As argued above, Plaintiff seems to argue that his widespread allegations of failure to pay pursuant to the FLSA, is sufficient to bring in every employee of Defendants, as well as employees at another restaurant, even when they have nothing in common with Plaintiff.

At most Plaintiff had made a narrow showing that some deliverymen from the restaurant, may be part of a potential class, and even this is questionable at best given Plaintiff's affidavits contain clear contradictions and provide no basis for the alleged knowledge. As previously demonstrated however, there has been no clear showing of a factual nexus to expand that group to all employees. *See Rosario v. Valentine Ave. Disc. Store, Co., Inc.,* 828 F. Supp 2d 508, 518 (E.D.N.Y 2011) (Restricting potential opt-in class members to those directly related to the job functions of the plaintiff and opt-in plaintiff),  *see also Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 514 (S.D.N.Y 2010) (discovery limited to only delivery personnel at one restaurant).

As such, plaintiff's motion should be denied.

**B. Plaintiff's Proposed Notice Is Deficient As It Fails To Give The Parties Equal Treatment**

Plaintiff's proposed notice is deficient in that it does not contain language about Defendants' defenses.

Plaintiff's proposed notice contains language about Plaintiff's claims; however it does not include any language about Defendants defenses. In *Mendoza v. Ashiya Sushi 5, Inc*., No. 12 CIV. 8629 KPF, 2013 WL 5211839, at *7 (S.D.N.Y. Sept. 16, 2013), the court found that the proposed notice was adequate when "both parties receive equal treatment in the Proposed Notice". See also *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y.2009).

In this case, the proposed notice includes no language about Defendants defenses, and the parties do not receive equal treatment in the notice. As such the proposed notice should be rejected by the court, and any notice modified accordingly.

**C. Plaintiff's Proposed Notice Is Deficient As It Fails To Include Contact Information For Defendants Counsel**

Additionally, Plaintiff's proposed notice is missing Defendant's counsel contact information. "FLSA notices routinely include this information. See, e.g., *Moore v. Eagle Sanitation, Inc*., 276 F.R.D. 54, 61 (E.D.N.Y.2011); *Gjurovich*, 282 F.Supp.2d at 108." *Mendoza v. Ashiya Sushi 5, Inc*., No. 12 CIV. 8629 KPF, 2013 WL 5211839, at *7 (S.D.N.Y. Sept. 16, 2013) As such the proposed notice should be rejected by the court, and any notice modified accordingly to include contact information for Defendants' counsel.

For all the forgoing reasons, Defendants object to the language contained in Plaintiffs proposed notice, and request an opportunity to submit their own version of a proposed notice

subject to the Court's findings on this Motion. *Rosario* v. *Valentine Ave. Disc. Store, Co., Inc.,*

828 F. Supp. 2d 508, 518 (R.D.N. Y. 2011)(Allowing for a meet and confer and defendant

proposed notice following a hearing on conditional class certification).

**D. Plaintiff's Request Is Overly Broad In Requiring Information That Plaintiff Is**

**Aware That Defendants Do Not Have And Then Punishing Defendant For The Lack**

Lastly, Plaintiff's request is overly broad in that Plaintiff' request the "last known

address, last known telephone number, and last known email address, WhatsApp, WeChat ID

and/or FaceBook usernames (if applicable), and work location, dates of employment and position

of ALL current and former nonexempt and non-managerial employees employed at any time

from June 27, 2016 to the present" (Plaintiff's Exhibit 3), of each employee, when Defendants do

not have all of this information, nor were Defendants ever required to get most of such

information.

Additionally, Plaintiff already knows that Defendants do not have all such information as

Defendants have already disclosed that Defendants are still looking for their records from the

business, which was shut down over a year before this action was filed.   Additionally, many

employees at small business, especially if the employee has potential immigration issues or

wishes to only be paid in cash, do not provide complete or accurate information to their

employers.  Defendants at best can only produce what information is in their possession and

control, and can not verify that the information provided to them by employees is accurate in

anyway, let alone still accurate now (for example in the even someone moved or changed phone

numbers).

Worse, Plaintiff's proposed order anticipates punishing Defendants for this lack of

information with language such as "Should Defendants fail to furnish a complete Excel list as

detailed in Paragraph 5 above **OR** more than 20% of Notices be returned as undeliverable with no forwarding address, Plaintiff reserves the right to apply to the Court for permission to cause an abbreviated version of the Notice of Pendency, to be published in an English, and Chinese language newspaper and in social media platforms of WhatsApp, WeChat and Facebook at Defendants' expense for Defendants' failure to furnish accurate addresses. " (Plaintiff's Exhibit 3, paragraph 16).

If the court orders the production of information, Defendants will comply with the Order to the best of their ability, providing whatever information is in their possession or control, but in no event should Defendants be punished if the information they possess is not accurate.

It was never Defendants job to keep updated contact information of all past employees, especially when the business was closed over a year before the action was filed, and Plaintiff should not be allowed to impose such a burden on Defendants.

Further Defendants join in Co-Defendants arguments regarding how notice should be provided and duration of the opt-in period (Section III starting on page 13 of co-Defendants Memorandum) and incorporate said arguments by reference, rather than repeating them.

**CONCLUSION**

By reason of the foregoing, Defendants respectfully request that Plaintiffs motion be denied in its entirety.

Date:   New York, NY
        November 20, 2019

                              Law Offices of Vincent S. Wong

                              /s/Vincent S. Wong
                              Vincent S. Wong, Esq. (VW9016)
                              *Attorneys for the Defendants*
                              *YAMI YAMI INC., JIANFU ZHUO, MINGJIE*
                              *WANG, ZENAN LI, and PEIGUAN ZHUO*