USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/19/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
QUIANG LU and YONGBING QU, on behalf of
themselves and all others similarly situated,

                                                 Plaintiffs,                         19-CV-5828(PGG) (KHP)

                    -against-                                  **ORDER & OPINION**

PURPLE SUSHI INC et al,

                                              Defendants.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

       Plaintiffs Qiang Lu and Yongbing Qi, individually and on behalf of all others similarly situated, brings this action against Defendants Purple Sushi Inc. and Xing Chen (the "Purple Sushi Defendants"), as well as Yami Yami Inc., Jian Fu Zhuo, Minjie Wang, Zenan Li, and Peiguan Zhuo (the "Yami Yami Defendants") (collectively, "Defendants"). The Purple Sushi Defendants currently own and operate a restaurant called Matsu Sushi. The Yami Yami Defendants are the previous owners and operators. Plaintiffs claim that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"), by failing to (1) pay Plaintiff and other non-managerial employees the statutory minimum wage under the FLSA and NYLL, (2) pay Plaintiffs properly for overtime hours, and (3) satisfy other requirements of the NYLL.

       Plaintiffs have moved for conditional certification of their FLSA claims as a collective action and leave to disseminate notice to the putative FLSA collective, pursuant to 29 U.S.C. § 216(b). Plaintiffs asks for production of identifying information so that their proposed notice

may be sent to all individuals who worked in non-managerial roles at Matsu Sushi, for the three-year period preceding the filing of the Complaint.  Plaintiffs request that they be allowed to use a variety of methods to deliver their proposed notice.  Plaintiffs also move for equitable tolling of the FLSA claims in conjunction with their motion for conditional certification.  *Id.*

Defendants oppose Plaintiff's motion for conditional certification on several grounds including:  (1) Plaintiffs have not made the modest factual showing sufficient to demonstrate that they were victims of a common policy or plan that violated the FLSA and that (2) Plaintiffs have failed to demonstrate that other non-managerial employees are similarly situated.  Defendants argue that if the Court grants Plaintiffs' motion, it should only do so as to individuals who worked as delivery persons at Matsu Sushi.  Defendants also argue that Plaintiffs' proposed notice is inappropriate for a variety of reasons and that equitable tolling is also inappropriate.  As discussed below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs worked as delivery persons at Matsu Sushi located at 483 Columbus Avenue in New York City.  In support of their motion for conditional certification, Plaintiffs submitted sworn affidavits addressing the factual basis for their claims.  Both affidavits are sparse in detail.  According to his sworn affidavit, Plaintiff Qiang Lu worked at Matsu Sushi for various periods from October 2016 to April 2019.  In total, he alleges that he worked for Matsu Sushi for a period of approximately 19 months with the same schedule throughout.  He claims he worked 61.75 hours each week and was paid a flat rate of $1000 per month (except for a small period in 2019 when he was paid $700 for approximately half a month of work).   According to

Plaintiff Yongbing Qi's sworn affidavit, he worked for Matsu Sushi from January 2012 through May 2019 and worked 59.25 hours each week. He claims he was paid $700 per month in the beginning of that period with periodic raises culminating at a total of $1300 per month. Both Plaintiffs claim that they were given 30-minute meal breaks that would be interrupted if deliveries needed to be made.

**DISCUSSION**

**I. Collective Action Certification Legal Standard**

Section 216(b) of the FLSA provides that parties suing under Sections 206 and 207 may proceed "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A proceeding brought under Section 216 is traditionally referred to as a "collective action." *See*, *e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10. (2d Cir. 2010). Although the statute itself does not prescribe the process for collective action approval, "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *accord Myers*, 624 F.3d at 554-55. Orders authorizing notice to potential collective action members are often referred to as orders conditionally "certifying" a collective action, even though the FLSA itself does not mandate certification. *See*, *e.g.*, *Myers*, 624 F.3d at 555 n.10; *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010). The dissemination of notice in an FLSA collective action is in fact a case management tool that courts may employ in "appropriate cases," including where notice will facilitate swift and economic justice. *See Myers*, 624 F.3d at 555 n.10.

The United States Court of Appeals for the Second Circuit has endorsed a two-stage process for certification of a collective action under Section 216(b) of the FLSA. *Myers*, 624 F.3d at 554-55. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. Plaintiffs can meet this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18CV12220PAERWL, 2019 WL 4493429, at *6 (S.D.N.Y. Sept. 9, 2019) (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). The modest factual showing can be made by "relying on [plaintiff's] own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99-cv-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (citing *Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511 at *4 (S.D.N.Y. April 26, 2007)). There must be a "factual nexus" that binds Plaintiffs and the other putative collective members "together as victims of a common unlawful practice." *Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237 (PAE), 2016 WL 30334, at *5 (S.D.N.Y. Jan. 4, 2016) (citation omitted).

If the Court finds that the potential plaintiffs appear to be similarly situated, it will issue notice and permit the case to proceed through discovery as a collective action. *See, e.g., id*; *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). However, conditional certification is not mandatory and lies within the discretion of the Court. *See*, *e.g.*, *Schucker v. Flowers Foods*, Inc., No. 16-CV-3439 (KMK), 2017 WL 3668847, at *5 (S.D.N.Y. Aug.

24, 2017) ("[C]onditional certification is discretionary and managerial in nature.") (citation and internal quotation marks omitted); *Auffray v. FXFL, LLC*, No. 1:15-CV-9379-GHW, 2016 WL 6810863, at *2 (S.D.N.Y. Nov. 16, 2016) ("[T]he decision whether to a grant a motion for conditional certification of an FLSA collective action lies within the discretion of the district court. . . . [C]onditional certification . . . is not mandatory, even where named plaintiffs are able to show that they are similarly situated to potential opt-in plaintiffs.").

Because certification at this early juncture is merely "preliminary" and subject to reevaluation on a fuller record, a plaintiff's burden is low. *See*, *e.g.*, *Lynch*, 491 F. Supp. 2d at 368 ("The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage."). At this initial stage, the court does not evaluate the underlying merits of a plaintiff's claims. *Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 WL 1810157, at *2 (S.D.N.Y. Apr. 17, 2015). It merely determines whether the plaintiff has made the minimal showing necessary for court-authorized notice. *See*, *e.g.*, *id.* at *1; *Damassia v. Duane Reade, Inc.*, No. 04-cv-8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (collecting cases).

In keeping with the minimal showing standard, FLSA collective actions have been conditionally certified upon a single plaintiff's affidavit. *See*, *e.g.*, *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv- 2625 (RJS), 2015 WL 4240985, at *4 (S.D.N.Y. July 13, 2015); *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3-4 (S.D.N.Y. June 25, 2013) (granting conditional certification and collecting cases). However, certification is not automatic. *See*, *e.g.*, *Guillen*, 750 F. Supp. 2d at 476-80 (denying certification at the first stage); *see also Zeledon v. Dimi Gyro LLC*, No. 15-cv-7301 (TPG) (DF), 2016 WL 6561404, at *1, *8–12 (S.D.N.Y.

Oct. 13, 2016) (conditionally certifying a class of salaried delivery persons who worked at a single location based on the plaintiff's affidavit, but denying certification as to other categories of employees). A plaintiff cannot meet his or her burden through unsupported assertions or conclusory allegations. *See*, *e.g.*, *Myers*, 624 F.3d at 555; *Morales v. Plantworks, Inc.*, No. 05-cv-2349 (DC), 2006 WL 278154, at *2-3 (S.D.N.Y. Feb. 2, 2006).

At the second stage, the district court conducts a more stringent analysis, based on the record developed through discovery, to determine whether the collective action should proceed. *Myers*, 624 F.3d at 555. The action may be "de-certified" if the record reveals that the plaintiffs who have opted in are not actually "similarly situated" to the named plaintiff, and the opt-in plaintiffs' claims may be dismissed without prejudice. *Id*. This second stage inquiry is more stringent because the court "is able to examine whether the *actual* plaintiffs brought into the case are similarly situated." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 645 (S.D.N.Y. 2010) (emphasis in original) (quoting *Gortat v. Capala Bros., Inc.*, No. 07-cv-3629 (ILG), 2010 WL 1423018, at *10 (E.D.N.Y. Apr. 9, 2010)); *accord Myers*, 624 F.3d at 555.

II. **Application of Conditional Certification Standard to this Case**

Having carefully reviewed the information submitted by Plaintiffs, this Court finds that Plaintiffs have met the minimal burden necessary for conditional certification of their FLSA claims as to Matsu Sushi's delivery persons. Plaintiffs have not met the burden necessary to extend certification to all non-managerial employees. In making these determinations, the

Court considers evidence of an alleged common policy that violated the FLSA during the 3-year limitations period applicable to willful violations.[1]

### A. *Delivery persons*

Plaintiffs have met their modest burden as to delivery persons. The burden at the first stage of certification is low. *Lynch*, 491 F. Supp. 2d at 368. The Court does not weigh the merits of the underlying claims at this stage. *See, e.g.*, *Hernandez v. City of New York*, No. 16-CV-3445 (RA), 2017 WL 2829816, at *4 (S.D.N.Y. June 29, 2017); *Michael*, 2015 WL 1810157, at *2. Thus, the sworn affidavits from Plaintiffs that they and their fellow delivery persons were subject to a common policy where they were improperly paid is sufficient to meet their modest burden. *See Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17 CIV. 273 (LAP), 2018 WL 1737726, at *3 (S.D.N.Y. Mar. 26, 2018) (certifying collective where named delivery person plaintiffs worked 57-69 hours per week and stated information from which the court could "infer that other deliverymen worked similar shifts for comparable pay." (citation omitted)). In reaching this conclusion, the Court credits Plaintiffs' statement they "befriended some co-workers and [] observed and talked to them about [their] work." Lu Aff. ¶ 23; Qi Aff. ¶ 20. Plaintiffs listed the hours and pay for each other and for two other delivery persons. Crediting their statements about the hours worked and the pay received, none of the delivery persons were paid the minimum wage or overtime.[2] Notice to other delivery persons at this location

---

[1] Plaintiff has asserted claims for willful violations of the FLSA, where a 3-year statute of limitation applies. 29 U.S.C. § 255. The Complaint in this action was filed on June 27, 2019, so the three-year period extends back to June 27, 2016.

[2] The Court notes that Plaintiffs' affidavits discuss work days in terms of "full shifts" and "half shifts" without explicitly defining terms. From the affidavits, the Court infers that a "full shift" is approximately 10.5 hours and a "half shift" is approximately 5.5 hours.

will flesh out whether there are in fact other aggrieved delivery persons (as Plaintiffs attest) and provide more information to assess the merits of this action proceeding as a collective.

The Yami Yami Defendants point out that there are inconsistencies and internal contradictions within the sworn affidavits. For example, both affidavits attest that Plaintiffs did not have fixed times for meal breaks but then mention lunch breaks at a particular time. *See* Lu Aff. ¶¶ 8-9; Qi Aff. ¶¶ 5-6. At this stage, the Court will not address the merits of Plaintiffs' claims and whether these inconsistencies possibly undermine their cases on the merits.

Plaintiffs will need to prove that they were victims of a policy that violated the FLSA for the case to move forward as a collective action and, indeed, to prove their individual claims. *See Garcia v. Chipotle Mexican Grill, Inc.,* No. 16 CIV. 601 (ER), 2016 WL 6561302, at *4 (S.D.N.Y. Nov. 4, 2016) (citing *Hanming Feng v. Soy Sauce LLC*, No. 15 Civ. 3058 (ENV) (LB), 2016 WL 1070813, at *3 (E.D.N.Y. Mar. 14, 2016)).

### B. Other Positions

In contrast, Plaintiffs' proffers regarding other non-managerial employees are insufficient to warrant sending notice to those employees. Plaintiffs do not have personal knowledge of Defendants' pay policies as to the waiters and kitchen staff that they claim are similarly situated to them. The only allegation they make about pay for non-delivery person employees is that waiters "received even less than delivery persons." Lu Aff. ¶ 23; Qi Aff. ¶ 21. There are no actual names given for the waiters (appellations include "Ah Biang's Wife" and "Ah Biang's younger brother"); there are no times when such conversations took place; there are no indications of what hours waiters worked or how they were paid. *See Ikikhueme v.*

*CulinArt, Inc.*, No. 13-cv-293 (JMF), 2013 WL 2395020, at *2 (S.D.N.Y. June 3, 2013) (declining to consider plaintiff's "unsupported assertions" regarding other employees). Plaintiffs' conclusory statements about the waiters are insufficient to provide a factual nexus with waiters.

Plaintiffs provide even less much information about the kitchen staff (including two wok cooks and a sushi chef). All they have provided is a list of unsupported assertions and conclusory allegations that are insufficient to conditionally certify a class that includes other categories of employees. *See Zeledon*, 2016 WL 6561404, at *11–12 (declining to certify where, *inter alia*, plaintiffs failed to define other employees' schedule or pay information); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (finding that information about "where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process"). There are no details supporting a finding that other categories of employees were similarly situated. Though Plaintiffs state that some of the kitchen staff worked six days a week, Plaintiffs specifically state that they "do not know how much kitchen workers earned." Lu Aff. ¶ 23; Qi Aff. ¶ 21. Though they argue that a sushi chef named Seven is similarly situated, Plaintiffs fail to provide what days or hours he worked and no indication of how much he was paid. Plaintiffs do not provide name, duties, and hours worked for most of the non-delivery person employees referenced in the affidavit. *Weng*, 2018 WL 1737726, at *4 (denying certification as to broader category of employees where plaintiffs "failed to provide any probative information, such as their approximate wages, hours, and duties"). This is clearly insufficient to show a factual nexus between Plaintiffs and the non-delivery person employees.

*See id.*; *see also Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 665 (S.D.N.Y. 2013) (finding statements in a declaration were "conclusory where they fail to identify particular employees or make specific allegations.") (internal quotation marks omitted). Thus, Plaintiffs' argument that they and all other non-managerial employees are similarly situated is based on conclusory allegations insufficient to meet even the modest factual showing standard.

### III. Notice and Consent Form

The parties differ on the contents of the proposed notice and consent form. The parties are directed to meet and confer regarding Plaintiff's proposed collective notice. The parties shall submit a form of proposed notice and opt-in consent form for the Court's consideration by April 19, 2020. If the parties cannot agree on aspects of the proposed notice, they shall set forth their respective positions in a letter with a proposed notice and consent form containing clearly labeled and bracketed language preferred by each party.

### IV. Production of Contact Information and Scope of Notice

Plaintiffs have requested that Defendants be ordered to provide putative collective members' contact information, including names, last known phone numbers, addresses, and emails as well as social media information including WhatsApp, WeChat, and Facebook information so that they may disseminate notice. Plaintiffs have asked that this information be provided in Microsoft Excel format. Courts in this district routinely allow Plaintiffs to receive contact information of putative collective members, including last known addresses, telephone numbers, and emails. *See, e.g.*, *Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016). Thus, this information shall be produced by Defendants.

Ordering production of social media information, such as WhatsApp, WeChat, and Facebook usernames, is relatively novel, with only a few courts in this district addressing that type of information specifically.  *See, e.g.*, *Martin*, 2016 WL 30334, at *20 (ordering the production of names, mailing addresses, telephone numbers, email addresses, and dates of employment); *In re Penthouse Exec. Club Comp. Litig.*, No. 10 CIV. 1145 NRB, 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (ordering the production of names, mailing addresses, telephone numbers, and dates of employment).  Some courts in this district have limited the information to be produced to just names and last known addresses. *See Iriarte v. Cafe 71, Inc.*, No. 15 CIV. 3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (denying plaintiffs' request for email addresses among other information) (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007)); *Michael*, 2015 WL 1810157, at *4 (denying the production of phone numbers).  Recently, some courts in this district have ordered the production of social media information such as WhatsApp, WeChat, and Facebook information.  *See Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 CIV. 5448 (ER), 2019 WL 6002371, at *4 (S.D.N.Y. Nov. 14, 2019); *Jian Wu v. Sushi Nomado of Manhattan, Inc*., No. 17CV04661 (PGG) (DF), 2019 WL 3759126, at *12 (S.D.N.Y. July 25, 2019).  The Court is mindful of possible privacy concerns, but also must consider putative collective members' interest in possibly joining the litigation, the possibility that some members may not have phone numbers or stable addresses, and efficient administration of this case.  On balance, the Court finds it is appropriate for Defendants to provide social media information.  Accordingly, Defendants shall provide this information.

Defendants' counsel shall provide Plaintiffs' counsel with a list of all delivery persons employed by Defendants at Matsu Sushi in the three-year period preceding the filing of the Complaint in Excel (or equivalent) format. Defense counsel shall provide names, last known mailing addresses, phone numbers, and email addresses, as well as WhatsApp, WeChat, and Facebook information as applicable for the putative collective members.

Plaintiffs have requested that notice be disseminated in any relevant language, via mail, email, text message, and social media, as well as posting on Plaintiffs' counsel's website. They have also requested that Defendants post a copy of the notice at the restaurant. Defendants argue that the breadth of Plaintiffs' request is intrusive and that first-class mail alone is sufficient. Courts in this district have differed in how the notice should be posted, balancing defendants' and putative collective members' interests. *Compare Gonzalez v. Scalinatella, Inc.*, No. 13 CIV. 3629 PKC, 2013 WL 6171311, at *5 (S.D.N.Y. Nov. 25, 2013) (limiting notice to first class mail only); *with Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CIV. 8629 KPF, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013) (noting that courts have routinely approved posting of notice on common employee spaces). The Court takes a middle approach. Notice may be disseminated in any relevant language via mail, email, text, or social media platform in keeping with the information to be produced. Notice may also be posted on Plaintiffs' counsel's website. However, notice will not be posted in Matsu Sushi's common area. In light of the current COVID-19 crisis, all restaurants are closed in any event, so posting of notice on the premises will be an ineffective form of notice. *See*, *e.g.*, *Michael*, 2015 WL 1810157, at **4, ("[A]bsent a

showing that significant number of notices were returned as undeliverable, courts have refused to require posting of a collective action notice in the workplace").

In their reply, Plaintiffs have requested that the Court order publication of notice in a newspaper at Defendants' expense if Defendants failed to maintain complete and accurate employee records. *See* Pls.' Reply at 7 (citing *Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-0201-RA-JLC, Doc. No. 26 (S.D.N.Y. Apr. 23, 2018) (ordering publication where defendants were "[un]able to provide the information with respect to the vast majority of the collective.")). This request is premature. Plaintiffs may renew their request if Defendants are unable to provide contact information for the broad majority of potential collective members.

Plaintiffs' request to send a reminder notice halfway through the opt-in period, which has not been objected to, is granted.

**V.     Time Period of Conditional Collective Action Certification**

The statute of limitations applicable to a claim for unpaid wages and/or overtime compensation under the FLSA is two years from the date that the claim accrued or three years for a cause of action arising out of a willful violation. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). At the conditional certification stage, allegations of willful FLSA violations are sufficient to apply the three-year statute of limitations for purposes of sending a notice to putative members of the collective. *Francis v. A & E Stores, Inc.*, No. 06-cv-1638 (CLB) (GAY), 2008 WL 2588851, at *3 (S.D.N.Y. June 26, 2008), *adopted as modified*, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008).

Plaintiff has alleged willful conduct by Defendants and Defendants do not take issue with a three-year period, so a three-year period will be used for sending notice to the putative collective action members. *Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406 (VEC), 2018 WL 279756, at *6 (S.D.N.Y. Jan. 2, 2018); *see Garcia v. Chipotle Mexican Grill*, 2016 WL 6561302, at *9 (finding a three-year notice period appropriate where "willfulness is disputed").

**VI.     Opt-In Period**

Plaintiffs request that the opt-in period for the collective be 90 days. Defendants argue that 90 days is excessive and that the Court should limit the period to 30 days. Courts often grant 60-day opt-in periods. *See, e.g.*, *Jian Wu*, 2019 WL 3759126, at *11; *Gonzalez*, 2013 WL 6171311, at *4. This Court finds that 60 days is adequate.

**VII.    Tolling of Statute of Limitations**

Plaintiff seeks equitable tolling of the statute of limitations for potential members of the collective who have not yet opted-in. Equitable tolling is appropriate "only in rare and exceptional circumstances . . . where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Vasto v. Credico (USA) LLC*, No. 15-cv-9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (citations and internal quotation marks omitted). This case does not present any such rare and exceptional circumstances. Accordingly, Plaintiffs' request for equitable tolling is denied.

However, this Court recognizes that equitable tolling issues may arise as to individual opt-in plaintiffs, and that other courts in this district sometimes entertain challenges to the timeliness of individual plaintiffs' actions. *See Hamadou*, 915 F. Supp. 2d at 668. Should

equitable tolling issues arise in this case as to particular plaintiffs, the Court will timely address those issues as necessary.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for conditional certification of their FLSA claims is **GRANTED** in part and **DENIED** in part. The Court conditionally certifies a collective of potential plaintiffs who were employed as delivery persons at any time between June 27, 2016 and the present. Conditional certification as to other categories of employees is denied without prejudice. To the extent Plaintiffs wish to move again for conditional certification, they must first discuss the proposed motion and timing thereof with this Court.

**SO ORDERED**

DATED: New York, New York
March 19, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge