UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                               :
QIANG LU *et al.*,                       :
                               :
                 Plaintiffs,       :
                               :                19 Civ. 5828 (JPC)
           -v-                      :
                               :           <u>OPINION AND ORDER</u>
                               :
PURPLE SUSHI, INC., *et al.*,          :
                               :
                 Defendants.      :
                               :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On June 27, 2019, Plaintiffs Qiang Lu, Yongbing Qi, and Zhenhua Duan initiated this wage-and-hour lawsuit, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, in connection with their employment at a Japanese restaurant in Manhattan.  At an August 2022 jury trial, Defendants Yami Yami, Inc., Jianfou Zhou, Mingjie Wang, and Zenan Li (collectively, the "Yami Yami Defendants") were found liable for violating various provisions of the NYLL.  Then, in November 2022, the Court entered a default judgment as to the two remaining Defendants, Purple Sushi, Inc. and Xing Chen (collectively, the "Purple Sushi Defendants"), who had ceased appearing in this action, for violating the FLSA and the NYLL.

       With judgments on liability now rendered against all Defendants, the Court turns to Plaintiffs' motion for their attorneys' fees and costs.  For the reasons set forth below, the Court awards $52,275.13 in attorneys' fees and $400.00 in costs, with $18,610.16 in fees due from the Yami Yami Defendants, $6,594.68 in fees due from the Purple Sushi Defendants, and $27,070.29 in fees and $400.00 in costs due jointly and severally from all Defendants.

## I.  Background

Plaintiffs allege that they were underpaid by Defendants, including with regard to the minimum wage and overtime, in violation of federal and state law, while working as delivery persons at a sushi restaurant in the Upper West Side of Manhattan.  Dkt. 1 ("Complaint") ¶¶ 93-146; *see* Dkts. 4-6 (Plaintiffs' consents to be party plaintiffs under the FLSA).  The Court presumes the parties' familiarity with the underlying facts and thus sets forth only the background relevant to Plaintiffs' pending request for their attorneys' fees and costs.

The instant motion follows a jury trial and default judgment proceedings in the late summer and fall of 2022.  From August 22, 2022 through August 29, 2022, the Court held a trial on Plaintiffs' claims against the Yami Yami Defendants, culminating in a jury verdict in favor of Plaintiffs on their NYLL claims on August 29, 2022.  *See* Aug. 29, 2022 Minute Entry; *see also* Dkt. 122 (verdict form).  Then, on September 6, 2022, Plaintiffs first moved for default judgment against the Purple Sushi Defendants.  Dkt. 121.  Plaintiffs refiled their default judgment motion on September 9, 2022 due to filing deficiencies with their initial motion.  Dkt. 125.  On September 29, 2022, the Court denied Plaintiffs' default judgment motion without prejudice to refiling after obtaining certificates of default as to the Purple Sushi Defendants.  *See* Sept. 29, 2022 Minute Entry.  Next, on October 13, 2022, Plaintiffs filed a renewed motion for default judgment against the Purple Sushi Defendants.  Dkts. 139-142.  No opposition to the default judgment motion was filed.  On November 9, 2022, the Court held a hearing and granted Plaintiffs' motion with respect to Counts One through Five, Eight, and Nine of the Complaint, dismissed Plaintiffs' remaining three counts against those Defendants, and dismissed the Purple Sushi Defendants' cross-claims.  Nov. 9, 2022 Minute Entry.  On November 14, 2022, the Court directed the Clerk of Court to enter

judgment in favor of Plaintiffs, Dkt. 143, which the Clerk of Court did on November 17, 2022, Dkt. 144.

On September 12, 2022, in the midst of their default judgment briefing, Plaintiffs filed the instant motion for attorneys' fees. Dkts. 128, 129 ("Motion"), 130 ("Troy Declaration"). Based on the proposed hourly rates and number of hours requested in the billing records at Exhibit 1 of the Troy Declaration, Plaintiffs seek $116,277.00 in fees and $6,250.50 in costs for a total of $122,527.50. *See* Troy Declaration ¶¶ 66-67; *accord id.*, Exh. 1 ("Billing Records"). This request reflects $41,008.00 in fees and $5,120.00 in costs from the Yami Yami Defendants, $14,492.00 in fees and $552.50 in costs from the Purple Sushi Defendants, and $60,777.00 in fees and $578.00 in costs jointly and severally from all Defendants. *See* Troy Declaration ¶¶ 66-67; *see generally* Billing Records. The Yami Yami Defendants opposed the motion for attorneys' fees on September 28, 2022. Dkts. 131 ("Opposition"), 132. The Purple Sushi Defendants have not opposed Plaintiffs' motion, nor have Plaintiffs replied to the Yami Yami Defendants' Opposition.

## II. Legal Standard

The FLSA and the NYLL both allow prevailing plaintiffs to receive an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) (providing that, in addition to the judgment award, the Court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Lab. Law § 198(1) (providing that a court may award "ordinary costs"); N.Y. Lab. Law § 198(1-a) (providing that a court shall award to a prevailing wage claim plaintiff "all reasonable attorney's fees"); *see also* N.Y. Lab. Law § 663(1) (providing for the award of costs and "all reasonable attorney's fees" to an employee paid less than the wage to which he or she was

entitled under the NYLL). [1]  Given the jury's finding of liability as to the Yami Yami Defendants and Court's finding of liability as to the Purple Sushi Defendants after their default, Plaintiffs are prevailing parties in this litigation as to all Defendants and are entitled to their reasonable attorneys' fees and costs.

In arriving at an appropriate fee, "courts typically start with a determination of the lodestar amount, which is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Huo v. Go Sushi Go 9th Ave.*, No. 13 Civ. 6573 (KBF), 2014 WL 1413532, at *7 (S.D.N.Y. Apr. 10, 2014) (quoting *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007)).  The counsel for the prevailing party must "justify the reasonableness of the requested rate or rates," which requires that party "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  In determining what a "reasonable fee" is, courts consider "what a reasonable, paying client would be willing to pay."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 183-84 (2d Cir. 2008).  To do so, courts examine "the complexity and difficulty of the case," "the resources required to prosecute the case effectively," "the timing demands of the case," and "whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself."  *Id.* at 184.

---

[1]  Although the Court dismissed the FLSA claims asserted against the Yami Yami Defendants, the Court granted default judgment against the Purple Sushi Defendants on Counts One and Three, which asserted claims under the FLSA, Complaint ¶¶ 93-96, 102-09.  *See* Nov. 9, 2022 Minute Entry.  The Court therefore recites the fee-shifting provisions of both the NYLL and the FLSA.

While the prevailing party has the burden of showing the reasonableness of its fees, "the Court may also apply its 'own knowledge' of rates charged in the community in assessing the reasonableness of the rates sought." *Thai-Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, No. 10 Civ. 5256 (KMW) (DF), 2012 WL 5816878, at *5 (S.D.N.Y. Nov. 14, 2012) (quoting *Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987)). Counsel "should make good faith efforts to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Go Sushi Go 9th Ave.*, 2014 WL 1413532, at *7 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). In the wage-and-hour context, "courts generally award experienced . . . attorneys between $300 and $400 per hour." *Rodpracha v. Pongsri Thai Rest. Corp.*, No. 14 Civ. 2451 (DF), 2021 WL 6205861, at *2 (S.D.N.Y. Dec. 29, 2021) (internal quotations omitted); *see also Garcia v. Francis Gen. Constr.*, No. 20 Civ. 4323 (JPC), 2022 WL 2698434, at *8 (S.D.N.Y. July 12, 2022). "[A]s for associates, rates in excess of $225.00 per hour are reserved for FLSA litigators with more than three years' experience, while associates with one to three years of experience have been awarded rates ranging from $150 to $200 per hour." *Singh v. Meadow Hill Mobile Inc.*, No. 20 Civ. 3853 (CS) (AEK), 2021 WL 4312673, at *16 (S.D.N.Y. Aug. 9, 2021) (internal quotations omitted), *report and recommendation adopted*, 2021 WL 3862665 (S.D.N.Y. Aug. 29, 2021); *see also Francis Gen. Constr.*, 2022 WL 2698434, at *8.

### III. Discussion

### A. The Yami Yami Defendants' Contention Regarding Non-Contemporaneous Billing Records

The Yami Yami Defendants first argue that Plaintiffs' motion should be denied because, they contend, Plaintiffs' counsel did not keep contemporaneous billing records. Opposition at 13-19. To support this contention, the Yami Yami Defendants compare the time records submitted in

this case to billing records that Plaintiffs' counsel submitted in another wage-and-hour case in this District, *Wan v. YWL USA Inc.*, No. 18 Civ. 10334 (CS) (S.D.N.Y.).  Opposition at 16-18.  Noting similarities in the billing entries in the two cases, the Yami Yami Defendants surmise that the records here must have been created after the fact.  *Id.* at 18.  The Yami Yami Defendants also examine specific billing entries in this case, pointing to repeated entries in terms of work descriptions and hours billed, and ask the Court to infer on this basis as well that the records were not created contemporaneously.  *Id.* at 13-16.

Although Plaintiffs' counsel did not file a reply responding to this serious accusation— which, in essence, asserts that Plaintiffs' counsel engaged in fraudulent billing practices—the Yami Yami Defendants have not provided sufficient proof showing that the billing records here were created after the fact or otherwise calling into question the integrity of the hours and work documented.  While there are similarities in certain billing entries both in this case and with the other case identified, those similarities, without further evidence attacking their accuracy, are insufficient to disregard the records altogether.  That is particularly the case given the commonality of issues and litigation stages in wage-and-hour cases, which may explain why similar billing entries would be recorded in two different cases.  The Yami Yami Defendants' request that the Court reject Plaintiffs' fees request in whole therefore is denied.  Some reimbursement for attorneys' fees is warranted, so the Court turns to determining the exact amount that is appropriate.

**B.    The Appropriate Hourly Rate**

Plaintiffs were represented in this case by counsel at Troy Law, PLLC ("Troy Law"), and they seek fees on behalf of John Troy, Aaron Schweitzer, Tiffany Troy, Preethi Kilaru, Gavin Dass, and Tina Chuang.  Troy Declaration ¶ 66.  John Troy, a principal at Troy Law, graduated from Dickinson School of Law in 1985.  *Id.* ¶ 12.  As of the time of his Declaration, Mr. Troy was

attorney of record for at least 206 wage-and-hour cases in this District, at least 176 wage-and-hour cases in the Eastern District of New York, forty wage-and-hour cases in other Districts, and twelve matters in arbitration.  *Id.* ¶¶ 15-18.  Aaron Schweitzer, who is the managing associate at Troy Law, graduated from Fordham University School of Law in 2016, was admitted to the New Jersey bar in November 2017 and the New York bar in May 2018, and joined Troy Law in April 2017 as a clerk.  *Id.* ¶¶ 28-30.  As of the time of Mr. Troy's Declaration, Mr. Schweitzer was attorney of record for at least seventy-nine cases in this District, at least eighty-three cases in the Eastern District of New York, and twenty-one cases in other Districts, *id.* ¶¶ 35-39.  Ms. Troy is an associate who graduated from Fordham University School of Law and was admitted to the New York State bar on June 24, 2021.  *See id.* ¶¶ 42-43.  At the time of the Troy Declaration, Ms. Troy served as attorney of record for twenty-five cases in this District, thirty-four cases in the Eastern District of New York, and five cases in other Districts.  *Id.* ¶¶ 44-46.  Ms. Troy also has been a New York State Unified Court System Mandarin Chinese interpreter since 2019.  *Id.* ¶ 48.  Preethi Kilaru is a "Managing Clerk" at Troy Law, and has an LLM from SMU Dedman School of Law. *Id.* ¶ 56.  Gavin Dass is a clerk at Troy Law and has a bachelor's degree in Law & Society and Sociology from CUNY John Jay College of Criminal Justice.  *Id.* ¶ 59.  Finally, Tina Chuang is a 2003 graduate of New York Institute of Technology and has worked as a clerk and interpreter at Troy Law since 2021.  *Id.* ¶¶ 61-64.  Plaintiffs seek hourly rates of $650 for Mr. Troy, $400 for Mr. Schweitzer (reduced to $200 for "time spent traveling and performing ministerial tasks"), $200 for Ms. Troy and Ms. Kilaru, and $150 for Mr. Dass and Ms. Chuang.  *Id.* ¶¶ 26, 41, 55, 58, 60, 65.  The Yami Yami Defendants argue that these rates are "excessively high and should be reduced by the Court."  Opposition at 6.

As it has in other cases involving Troy Law, *e.g., Francis Gen. Constr.*, 2022 WL 2698434, at \*6-8; *Zhang v. Hiro Sushi at Ollies, Inc.*, No. 17 Civ. 7066 (JPC), 2022 WL 2668263, at \*17 (S.D.N.Y. July 11, 2022), the Court finds it appropriate to reduce Troy Law's requested hourly rates. As described already, the standard hourly rate for cases of this nature in this District is $300 to $400 for experienced attorneys and $150 to $200 for attorneys with one to three years of experience. *See Rodpracha*, 2021 WL 6205861, at \*2; *Meadow Hill Mobile Inc.*, 2021 WL 4312673, at \*16. These authorities support hour rates between $225 and $300 for attorneys who have more than three years of experience but do not qualify as experienced attorneys. *Cf. Rodpracha*, 2021 WL 6205861, at \*2; *Meadow Hill Mobile Inc.*, 2021 WL 4312673, at \*16. Plaintiffs contend that these rates are outdated, arguing that the rates were established as reasonable five years ago but reasonable rates in this field have increased since then. That contention is incorrect: hourly rates of $300 to $400 for partners, $250 to $300 for associates, and $150 to $200 for junior associates have been approved as recently as last year. *See Yuan v. Hair Lounge Inc.*, No. 18 Civ. 11905 (AT) (BCM), 2023 WL 4534872, at \*5-7 (S.D.N.Y. June 28, 2023) ($400 per hour for Mr. Troy, $250 per hour for Mr. Schweitzer, and $150 per hour for Ms. Troy for her work as a junior associate), *report and recommendation adopted*, 2023 WL 4535085 (S.D.N.Y. July 13, 2023); *Hong v. Mito Asian Fusion, Inc.*, No. 19 Civ. 3149 (TAM), 2023 WL 3092722, at \*6 (S.D.N.Y. Apr. 26, 2023) ($350 per hour for Mr. Troy and $200 for Mr. Schweitzer); *Wang v. XBB, Inc.*, No. 18 Civ. 7341 (PKC), 2023 WL 2614143, at \*5-6 (E.D.N.Y. Mar. 23, 2023) ($350 per hour for Mr. Troy and $200 per hour for Mr. Schweitzer for his work as a "junior associate," *i.e.*, an associate with less than four years of practice); *Chen v. Shanghai Café Deluxe, Inc.*, No. 16 Civ. 4790 (VF), 2023 WL 2401376, at \*16 (S.D.N.Y. Mar. 8, 2023) ($300 per hour for Mr. Troy and $150 for Mr. Schweitzer); *Gao v. Umi Sushi*, No. 18 Civ. 6439 (ALC) (SN),

2023 WL 2118203, at *12-13 (S.D.N.Y. Jan. 31, 2023) ($375 per hour for Mr. Troy and $250 per hour for Mr. Schweitzer), *report and recommendation adopted*, 2023 WL 2118080 (S.D.N.Y. Feb. 17, 2023), *adoption superseded on other grounds*, 2024 WL 623891 (S.D.N.Y. Feb. 14, 2024). Indeed, multiple cases that Plaintiffs cite in their application entailed awards in line with these standard rates. *See Shen v. Number One Fresco Tortillas*, No. 16 Civ. 2015 (RWL), Dkt. 91 at 1-2 (S.D.N.Y. Feb. 19, 2019) ($400 per hour for Mr. Troy, $225 per hour for Mr. Schweitzer, and $100 per hour "for the two paralegal assistants"); *Zhang v. New 6 Beijing Wok, Inc.*, No. 17 Civ. 9465 (VEC), Dkt. 88 at 3 (S.D.N.Y. Mar. 3, 2020) ($400 per hour for Mr. Troy and $225 per hour for Mr. Schweitzer); *Singh v. Dany Restoration, Inc.*, No. 17 Civ. 3787 (JMF), Dkt. 79 (S.D.N.Y. Sept. 18, 2018) ($400 per hour for Mr. Troy).

To the extent that Plaintiffs argue that the rates for Troy Law attorneys should be updated given the relatively brief passage of time since these prior awards, Plaintiffs have provided no compelling justification for that argument. Plaintiffs attempt to draw a parallel between the increase in the minimum wage rate in New York over the past five years and the appropriate hourly rate for attorneys, but an increase in the minimum wage rate is not a basis for increasing the hourly rate for attorneys. *XBB*, 2023 WL 2614143, at *4 ("Increasing the minimum wage paid to the least compensated members of the workforce—so that they can attempt to earn a living wage—does not justify increasing fees to attorneys who are already well-compensated for their work and who are not struggling simply to survive.").

Plaintiffs also cite a number of instances where Mr. Troy and Mr. Schweitzer received rates above these standard hourly rates, but none persuade the Court that a higher rate is justified here. First, the fee applications in two of those cases were *unopposed*. *See Hu v. 226 Wild Ginger Inc.*, No. 17 Civ. 10161 (JGK) (KNF), Dkt. 102 at 16-17 (S.D.N.Y. Oct. 7, 2020), *report and*

*recommendation adopted*, Dkt. 103 (Oct. 27, 2020); *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18 Civ. 10359, 2019 WL 6318341, at *4 (D.N.J. Nov. 26, 2019).  Plaintiffs' reliance on a third case, *Weng v. Kung Fu Little Steamed Buns*, No. 17 Civ. 273 (LAP), Dkt. 125 (S.D.N.Y. May 21, 2021), is also unpersuasive.  As the Honorable Pamela K. Chen recently explained after being "troubled" by Troy Law's reliance on *Kung Fu Little Seamed Buns* in a manner that told "only half the story":

> The presiding judge in that case determined that Troy's time records "reflect not only partner-level work, but also associate- and even paralegal-level work," and accordingly, awarded Mr. Troy $550 for half of his billed time, and $300 per hour for the other half.  Thus, Troy's reliance on *Kung Fu Little Steamed Buns* to justify a rate of $650 per hour is misleading—given the significant reduction in the overall fees the court awarded—and does not convince this Court that Mr. Troy's performance in this case warrants an hourly rate of $550.

*XBB*, 2023 WL 2614143, at *3 (internal citation omitted).

The two other cases that Plaintiffs cite similarly lend minimal, if any, support to Plaintiffs' requested rates.  First, Plaintiffs ask the Court to draw guidance from an arbitration award, but as Judge Chen also explained in *XBB*, "[b]ecause arbitration proceedings are not a matter of public record, this Court cannot ascertain the circumstances around that dispute, which it must since Mr. Troy has a documented history of inflating his hourly rates."  2023 WL 2614143, at *3.  And Plaintiffs' reliance on *Xu v. Kealoha Sushi Inc.*, No. 19 Civ. 11885 (PAE) (SDA) (S.D.N.Y. August 24, 2021), also is of limited persuasive value, as that case settled before the district judge reviewed the fee rate recommended by the magistrate judge.  *Id.*, Dkts. 87 (Report and Recommendation), 102 (Judgment).  In sum, Plaintiffs have provided no authorities that persuasively support the rates they seek here.  To the contrary, "[c]ourts have thoroughly scrutinized such requested rates and found them unreasonable given [Troy Law]'s skill and experience."  *Francis Gen. Constr.*, 2022 WL 2698434, at *7 (internal quotation marks omitted); *accord id.* at 7 n.8 (collecting cases).

In arriving at the appropriate rates for Plaintiffs' attorneys and legal staff in this case, the Court has considered the complexity and difficulty of this litigation—which presented relatively straightforward wage-and-hour issues under federal and state labor law, primarily involving the failure to pay the minimum wage and overtime—as well as the favorable result obtained for all Plaintiffs against each of the Defendants and the resources reasonably necessary to secure those results.  Mindful of those considerations, as well as the recently approved rates for Mr. Troy and Mr. Schweitzer, the Court sets hourly rates of $350 for Mr. Troy and $225 for Mr. Schweitzer.[2] Commensurate with this reduction, the Court reduces Mr. Schweitzer's proposed hourly rate for time spent traveling and performing ministerial tasks to $112.50 per hour.[3]  In addition, the Court reduces the proposed rates to $75 per hour for Ms. Troy for her work prior to being admitted to the bar and $150 per hour for her work after being admitted, $100 per hour for Ms. Kilaru, and $70 per hour for Mr. Dass and Ms. Chuang.  The Court awards Mr. Dass and Ms. Chuang a lower hourly rate than Ms. Kilaru because of Ms. Kilaru's superior experience in the field of law. *Compare* Troy Declaration ¶¶ 56-57 (describing Ms. Kilaru's legal education, work experience, and prior fee awards) *with id.* ¶¶ 59 (noting that Mr. Dass graduated from college in January 2021), 62-63 (describing Ms. Chuang's prior experience, which was not in the legal industry).  These rates, like the rates awarded to Mr. Troy and Mr. Schweitzer, are consistent with the prevailing

---

[2] Over the course of this litigation, Mr. Schweitzer performed work both as a junior associate, as his work in 2019 and in most of 2020 was within his first three years of admission to practice law, and as a mid-level associate for his work in late 2020 and 2021.  *See* Billing Records at 2-13; *see also* Troy Declaration ¶ 29 (discussing Mr. Schweitzer's dates of admission to the New Jersey and New York bars).  The $225 per hour rate for Mr. Schweitzer takes into account his progression from a junior associate to a mid-level associate during the life of this case.

[3] Plaintiffs request a rate of $200 per hour for Mr. Schweitzer's travel time and performance of ministerial tasks, which is half the rate of $400 per hour that they seek for his legal work. *See* Troy Declaration ¶ 41. The approved rate of $112.50 per hour for travel and ministerial tasks likewise reflects half the rate approved for legal work performed by Mr. Schweitzer.

rates in this District.  *See, e.g.*, *Mito Asian Fusion*, 2023 WL 3092722, at *6 ($75 per hour for Ms.

Troy for pre-bar admission work and $150 per hour for post-bar admission work, and $100 per

hour for Ms. Kilaru); *Umi Sushi*, 2023 WL 2118203, at *13 ($150 per hour for Ms. Troy and $100

per hour for Ms. Kilaru); *Francis Gen. Constr.*, 2022 WL 2698434, at *8 ($150 per hour for Ms.

Troy and $70 per hour for Ms. Kilaru); *Hiro Sushi at Ollies*, 2022 WL 2668263, at *17 ($150 per

hour for Mr. Schweitzer while he was a junior associate and $70 per hour for Ms. Kilaru).

## C.     Hours Billed

The Court next turns to the requested hours.  The Yami Yami Defendants contend that

Plaintiffs' counsel's requested hours are "excessive and inflated" and appear to urge the Court to

reduce the total hours by at least 45%.[4]  Opposition at 19-22.  While the Court will not reduce

Plaintiffs' counsel's hours to that degree, the Court does agree that the billed hours are somewhat

excessive.

First, the Troy Declaration contains a blatant error: it refers to the parties having reached a

settlement prior to trial, when no settlement was reached here.  Troy Declaration ¶ 6.[5]  In addition

to reflecting careless work product, this suggests that Plaintiffs' counsel recycled prior filings

when drafting the Troy Declaration.  Furthermore, the billing log reflects that Mr. Troy and Mr.

Schweitzer billed for tasks that a paralegal or more junior attorney could have performed.  For

---

[4] In the section of their brief requesting a reduction of the hours billed, the Yami Yami
Defendants ask for "cuts comparable . . . of 40% off and further reduction of fees in 5%" as the
"minimum appropriate amount."  Opposition at 22.  The Court construes this as a request for a
45% reduction in hours.

[5] Indeed, Paragraph 6 of the Troy Declaration appears to have absolutely no application to
this case, as it cites docket numbers that do not exist in this case and discusses events that never
occurred.  The Troy Declaration also may have another typographical error that suggests its
language was recycled from a prior declaration.  Mr. Troy avers that "Mr. Schweitzer has litigated
over ninety-nine (99) wage-and-hour actions in federal courts" since November 2017, Troy
Declaration ¶ 32, which is when Mr. Schweitzer was first admitted to a bar, *see id.* ¶ 29, yet it lists
183 federal cases in which Mr. Schweitzer has been an attorney, *id.* ¶¶ 36-39.

instance, Mr. Troy has three separate billing entries (each billed for 0.5 hour) for "Set Up the Text Message, WeChat & Line," Billing Records at 1, 2, and three separate entries for "Scan and Verify ID," *id.* at 1.  Mr. Schweitzer has an entry for "set up room and tech for deposition," *id.* at 6, two other entries for "prepare room & tech for depo," *id.* at 7, and an entry for "scan exhibit 9, compile exhibits 6 - 10 and send to chambers," *id.* at 11, with each of these four entries billed for 0.5 hour. Troy Law also billed a substantial number of hours, totaling at least 16.7 hours, on deposition transcription, *id.* at 7, 8, without explaining why such transcription was not performed by a court reporter as would be expected.

The billing records also include numerous entries where attorneys or staff at Troy Law billed for hours that far exceeded what would be reasonably expected for the work described.  Ms. Kilaru billed 3.0 hours for "Print Notice of Pendency," a task which certainly would not seem to take anywhere close to three hours to complete.  *Id.* at 5.  The Yami Yami Defendants also take issue with the amount of time billed for printing envelopes and entering names into a database. Opposition at 20.  More specifically, Ms. Kilaru billed 5.0 hours for "Input Names into Database" on each of April 12, 2020 and April 28, 2020, and she billed 3.0 hours for "Print Envelopes" on April 21, 2020, for a total of thirteen hours for these tasks.  Billing Records at 5.  Based on the dates of these entries, which shortly followed the Honorable Katharine H. Parker's decision granting conditional collective action certification as to delivery persons, *Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 95, 99 (S.D.N.Y. 2020), it would seem that these tasks entailed sending notice to prospective plaintiffs who might opt-in to the collective action.  Yet, the testimony at trial established that the restaurant had only about 12 or 13 employees at a time, and the conditional certification applied only to delivery persons among those employees, *id.* at 95-96.  *See* Opposition at 20 (arguing that only fifteen names needed to be entered into the relevant database and only

fifteen envelopes needed to be printed).  Billing ten hours to enter these names into a database and three hours to print the envelopes strikes the Court as extremely excessive.  *See* Billing Records at 5.  A host of other work was billed for time that exceeded what reasonably would be expected, such as 0.5 hour for Mr. Troy to "Draft and File Adjourn Letter to Court to adjourn IPTC," *id.* at 2, 0.33 hour for Ms. Kilaru to "Request for Laptop permission; Print and put in binder," *id.* at 3, 0.4 hour for Ms. Kilaru to "Review Individual Rule Ahead of IPTC," *id.*, 0.45 hour for Mr. Schweitzer to "Review IPTC Order," *id.*, and 0.33 hour for Mr. Dass to "Draft and Send Electronic Device permit to Judge," *id.* at 12.  These considerations counsel in favor of an across-the-board reduction in the number of hours charged.

The Yami Yami Defendants also argue that the Court should exclude all time billed for working on Plaintiffs' conditional collective action certification motion.  Opposition at 21.  Although the Yami Yami Defendants are correct that the conditional certification motion was only partially successful*, see Purple Sushi*, 447 F. Supp. 3d at 95-96, 99 (conditionally certifying "a collective of potential plaintiffs who were employed as delivery persons at any time between June 27, 2016" and March 19, 2020, but denying conditional certification as to "other categories of employees"), and that no additional plaintiffs joined the case after Plaintiffs obtained permission to disseminate notice of this suit, that does not render the decision to seek collective action certification so patently unreasonable that it would be appropriate to deny Plaintiffs' reimbursement for time spent working on that motion.

Ultimately, taking all of the above into account, the Court finds it appropriate to reduce the hours billed by fifteen percent.  In addition, as the Yami Yami Defendants do not take issue with Plaintiffs' apportionment of the fees amongst the Yami Yami Defendants and the Purple Sushi Defendants, and because that apportionment seems reasonable to the Court based on the history of

14

this litigation and Plaintiffs' billing entries, the Court adopts that apportionment and attribution of work when calculating the fees awarded.[6]  Applying the hourly rates set above and the reduced hours, the Court finds that the following attorneys' fees are reasonable:

**Fees Due from the Yami Yami Defendants, Jointly and Severally**

| Individual | Approved Hourly Rate | Hours Sought | Hours Reduced By 15% | Total Fees |
|---|---|---|---|---|
| John Troy | $350 | 0 | 0 | $0 |
| Aaron Schweitzer | $225 (legal work) | 74.70 | 63.495 | $14,286.38 |
| Aaron Schweitzer | $112.50 (travel/ministerial tasks) | 3.42 | 2.907 | $327.04 |
| Tiffany Troy | $150 (post-bar admission) | 4.67 | 3.9695 | $595.43 |
| Tiffany Troy | $75 (pre-bar admission) | 27.97 | 23.77 | $1,783.09 |
| Preethi Kilaru | $100 | 11.45 | 9.7325 | $973.25 |
| Gavin Dass | $70 | 10.84 | 9.214 | $644.98 |
| Tina Chuang | $70 | 0 | 0 | $0 |
|  |  |  | **Total Awarded Attorneys' Fees** | $18,610.16 |

---

[6] In calculating the hours worked by the attorneys and legal staff, the Court uses the attribution provided in the parentheticals that follow the work description for each billing entry. Thus, entries with the parenthetical "(Yami, Purple)" were attributed to all Defendants, entries with the parenthetical "(Yami)" were attributed to the Yami Yami Defendants, and entries with the parenthetical "(Purple)" were attributed to the Purple Sushi Defendants. For all time entry totals, the Court discounts the recorded time by fifteen percent as discussed above.

**Fees Due from the Purple Sushi Defendants, Jointly and Severally**

| Individual | Approved Hourly Rate | Hours Sought | Hours Reduced By 15% | Total Fees |
|---|---|---|---|---|
| John Troy | $350 | 0 | 0 | $0 |
| Aaron Schweitzer | $225 (legal work) | 24.44 | 20.7740 | $4,674.15 |
| Aaron Schweitzer | $112.50 (travel/ministerial tasks) | 0 | 0 | $0 |
| Tiffany Troy | $150 (post-bar admission) | 0 | 0 | $0 |
| Tiffany Troy | $75 (pre-bar admission) | 2.71 | 2.3035 | $172.76 |
| Preethi Kilaru | $100 | 16.25 | 13.8125 | $1,381.25 |
| Gavin Dass | $70 | 0 | 0 | $0 |
| Tina Chuang | $70 | 6.16 | 5.236 | $366.52 |
| | | | **Total Awarded Attorneys' Fees** | $6,594.68 |

**Fees Due from All Defendants, Jointly and Severally**

| Individual | Approved Hourly Rate | Hours Sought | Hours Reduced By 15% | Total Fees |
|---|---|---|---|---|
| John Troy | $350 | 30.06 | 25.551 | $8,942.85 |
| Aaron Schweitzer | $225 (legal work) | 57.22 | 48.637 | $10,943.33 |
| Aaron Schweitzer | $112.50 (travel/ministerial tasks) | 1 | .85 | $95.63 |
| Tiffany Troy | $150 (post-bar admission) | 0.98 | 0.833 | $124.95 |
| Tiffany Troy | $75 (pre-bar admission) | 31.00 | 26.35 | $1,976.25 |
| Preethi Kilaru | $100 | 57.33 | 48.7305 | $4,873.05 |
| Gavin Dass | $70 | 1.92[7] | 1.632 | $114.24 |
| Tina Chuang | $70 | 0 | 0 | $0 |
| | | | **Total Awarded Attorneys' Fees** | $27,070.29 |

[7] While the billing records reflect an additional six hours of work performed by Mr. Dass in August 2021 that is attributed to all Defendants, the Troy Declaration and the records themselves

D.     **Costs**

Finally, the Court turns to costs.  Plaintiffs "may be reimbursed for the reasonable costs of

this action pursuant to both the FLSA and NYLL."  *Collado v. Donnycarney Rest. L.L.C.*, No. 14

Civ. 3899 (GBD), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015); *see* 29 U.S.C. § 216(b);

N.Y. Lab. Law §§ 198, 663(1).  An award of costs "normally include[s] those reasonable out-of-

pocket expenses incurred by the attorney and which are normally charged fee-paying clients."

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal

quotations omitted).   "Courts, in their discretion, have awarded reasonable costs for various

expenses, including computer research, attorney transportation and meals, mailing and copying

fees and service and filing fees."  *Donnycarney Rest.*, 2015 WL 4737917, at *14 (collecting cases).

Adequate documentation supporting the requested costs must be submitted, however.  *Wan v. YWL*

*USA Inc.*, No. 18 Civ. 10334 (CS), 2021 WL 1905036, at *9 (S.D.N.Y. May 12, 2021) (quoting

*Fisher v. SD Protec. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020)).  A court may "take judicial notice of

the filing fee within its own district," *XBB*, 2023 WL 2614143, at *9, but "the Court cannot simply

accept at face value the other costs that plaintiff's counsel seeks, such as service of process and

translator services, without additional supporting documentation for those costs," *id.* (quoting

*Piedra v. Ecua Rest., Inc.*, No. 17 Civ. 3316 (PKC) (CLP), 2018 WL 1136039, at *20 (E.D.N.Y.

Jan. 31, 2018), *report and recommendation adopted as modified in other respects*, 2018 WL

1135652 (E.D.N.Y. Feb. 28, 2018)).

---

both indicate that Plaintiffs are not seeking reimbursement for those six hours.  *See* Troy
Declaration ¶ 66; Billing Records at 10.  Similarly, the billing records reflect an additional 0.67
hour of work by Mr. Schweitzer on August 10, 2021 attributed to both Defendants, but Plaintiffs
also do not seek reimbursement for that time.  Billing Records at 10.

The Yami Yami Defendants argue that Plaintiffs' application for their costs should be denied because Plaintiffs have submitted only an itemization of the requested costs without supporting documentation. Opposition at 22-23. Plaintiffs indeed have failed to submit documents to substantiate the costs that they seek to have reimbursed. In the absence of such supporting documentation, the Court awards Plaintiffs only the $400 incurred as the filing fee in this case. Billing Records at 14; *see De La Cruz Rosas v. Just Salad 60 Third LLC*, No. 18 Civ. 7342 (JGK) (BCM), 2023 WL 5423982, at *14 (S.D.N.Y. Aug. 4, 2023) (denying costs application due to an absence of documentary support, noting that "Troy Law is well aware of the need for such evidence, having been denied expenses in the past on this ground," and collecting cases), *report and recommendation adopted*, 2023 WL 5390985 (S.D.N.Y. Aug. 22, 2023); *XBB*, 2023 WL 2614143, at *9 (awarding only the filing fee as costs where Troy Law similarly failed to submit "any documentation to verify the costs that it incurred in pursuing this litigation" and collecting cases doing the same).

## IV.  Conclusion

For the reasons discussed above, the Court awards Plaintiffs $52,275.13 in attorneys' fees and $400.00 in costs, with $18,610.16 in fees due from the Yami Yami Defendants jointly and severally, $6,594.68 in fees due from the Purple Sushi Defendants jointly and severally, $27,070.29 in fees due jointly and severally from all Defendants, and $400.00 in costs due jointly and severally from all Defendants.

SO ORDERED.

Dated: May 28, 2024
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

18